◼     In the Matter of TERRY "D"* and Others, Children Alleged to be Neglected. SUSAN "D",* Appellant; BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.—Appeal from an order of the Family Court of Broome County, entered July 31, 1975, which determined that Terry and Angelica "D"* were permanently neglected children, that parental custody be permanently terminated and that the custody of said children be awarded to the Broome County Department of Social Services. Section 614 of the Family Court Act authorizes the appropriate agency to initiate proceedings to permanently terminate a parent's custody of a child on the ground of permanent neglect where, as here, the children are in a foster home and the agency's efforts to strengthen the parental relationship have failed and notwithstanding the agency's efforts, the parent has failed for a period of more than one year following the placement of the children in a foster home to maintain contact with or plan for the future of the children. A full and sympathetic reading of the record below fails to support the appellant mother's contention that petitioner failed to sustain its burden of proving that she permanently neglected her children. Over a period of approximately four years Terry and Angelica "D",* now six and four and one-half years old, have been in two foster homes, the second custodial arrangement being since December 12, 1972. During this period the Depart-

---

* Fictitious names.

ment of Social Services made numerous efforts to encourage visitation between mother and children and while appellant did visit her children sporadically, she conducted herself between visits in a manner that suggested to the Department of Social Services that the moral and temporal interest of the children would be endangered if custody of the siblings were returned to her. Appellant used narcotics and on one occasion voluntarily entered a drug rehabilitation center for treatment, only to leave after 2 months of the 12-month recommended period for rehabilitation had passed. She openly lived with a man while the children were in her temporary custody and, on another occasion, when the children were about to be returned to her for a second time, she was involved in a bizarre sexual crime when she and another woman "rolled" an elderly man in her apartment. On another occasion appellant was incarcerated in Scranton, Pennsylvania, for reasons not explained in the record. Such conduct does not support appellant's contention of serious "planning" or a capacity to plan for the future of children within the meaning of section 614 (subd 1, par [a]) of the Family Court Act permitting termination of parental rights and adoption of children if parents do not maintain meaningful contact with children in foster homes and plan for their return home *(Matter of Barbara P.,* 71 Misc 2d 965; *Matter of Jones,* 59 Misc 2d 69). We, therefore, find, that where, as here, an authorized child-caring agency made diligent efforts to encourage and strengthen the parental relationship over a period of almost four years and, failing in that effort, concluded that continued efforts to do so would be injurious to the best interests of the children, the agency is relieved of its statutory duty to continue such efforts and may initiate a proceeding to terminate custody. In the proceeding under review the petitioner convincingly established that while appellant might love her children, her expressions and demonstrations of that feeling were episodic and not in any way interrelated so as to show a "plan" for the return of her children. The proof clearly evinced an inability on the part of appellant to stabilize her life so as to plan the care which her children require and need. (Family Ct Act, § 611.) In this connection we note that the Law Guardian, appointed to represent the children, reported to the Family Court that the needs of the children were being met and satisfied in their present custodial arrangement. The foster father, a graduate of the University of Iowa with a degree in chemical engineering, is a chemist with the General Analine and Film Corporation, while the foster mother is a licensed nurse. The Law Guardian's report indicates that the foster parents are sincere, good people, having two children of their own, ages 10 and 8, and two other foster children in their care. Further, appellant's children appear to be happy, healthy, contented and secure in the custody of the foster parents and act toward them as if they were their own parents. We, therefore, conclude that appellant's children are permanently neglected children and that their happiness, well-being and future are more assured if parental custody is terminated. Difficult as these decisions are, our regret is tempered in this case by the knowledge that the foster parents have made application to adopt the children. Order affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Herlihy, JJ., concur.