■ In the Matter of NICOLE B., a Child Alleged to be Neglected. [596 NYS2d 244] —Order unanimously affirmed without costs. Memorandum: The evidence was sufficient to support Family Court's finding that respondent neglected her daughter by failing "to exercise a minimum degree of care * * * in providing the child with proper supervision" (Family Ct Act § 1012 [f] [i] [B]). The record establishes that respondent knew or should have known that her live-in boyfriend was sexually abusing the child and did nothing to protect her daughter *(see, Matter of Tania J.,* 147 AD2d 252, 259; *Matter of Faith AA.,* 139 AD2d 22, 25).

Family Court properly exercised its discretion in temporarily suspending respondent's visitation with her daughter. The record establishes, with convincing clarity, that contact with respondent would be detrimental to the welfare of the child *(cf., Matter of Eric L. v Dorothy L.,* 130 AD2d 660). Further, the court did not abuse its discretion in directing that petitioner need not make efforts to strengthen and encourage the parental relationship until respondent notifies petitioner of her desire for such a relationship. The evidence supports the court's finding that, without such a condition, an order directing petitioner to undertake diligent efforts to strengthen the relationship between respondent and her daughter would be detrimental to the best interests of the child *(see,* Family Ct Act § 1055 [c]). (Appeal from Order of Cayuga County Family Court, Corning, J.—Neglect.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.