■ In the Matter of ABDUL W., a Child Alleged to be Permanently Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LAWAL W., Appellant. [638 NYS2d 249] —Per Curiam. Appeal from an order of the Family Court of Cortland County (Mullen, J.), entered November 4, 1994, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

In a prior proceeding, Family Court denied respondent's application for visitation with his son, Abdul W., on the ground that it was not in the child's best interest to have visitation or contact with respondent. The court's decision was affirmed on appeal. The instant proceeding was commenced in 1991 shortly after Family Court's order in the prior proceeding; however, the fact-finding hearing was stayed until May 1993 pending a determination of the first appeal. At the conclusion of proof, Family Court determined that the child was permanently ne-

glected. Thereafter, following a dispositional hearing, respondent's rights were terminated.

Respondent appeals contending that Family Court erred in failing to take into consideration the mitigating factors which prevented him from making plans for the child and that petitioner did not diligently attempt to establish a relationship between the parent and child. We disagree. The record establishes that respondent has had virtually no substantive interaction with the child. The limited parent-child relationship violently ended in 1985 after respondent shot his former wife's paramour in the presence of the child. Respondent's conviction resulted in an extended prison sentence. When respondent commenced the first proceeding seeking visitation in 1990, he had not seen the child since the shooting. The child came into petitioner's custody in 1989 when his mother voluntarily transferred custody to petitioner. A psychological report recommended that there be no contact with respondent and that the child undergo therapy. Petitioner arranged for counseling and services for the child. The reports from the experts, however, continued to recommend against forcing the child to have any contact with respondent. Petitioner is required to use diligent efforts to strengthen the parental relationship when "such efforts will not be detrimental to the best interests of the child" (Social Services Law § 384-b [7] [a]; *see, Matter of Vaketa Y.*, 141 AD2d 892). Based on the record before us, we agree with Family Court that petitioner initially made attempts to determine whether there should be any contact between the child and respondent, and after determining from the experts that continued efforts would be injurious to the child's best interest, was justified in not proceeding further with diligent efforts (*see, Matter of Terry D.*, 53 AD2d 957; *see also, Matter of Nicole B.*, 192 AD2d 1059).

The next issue is whether respondent submitted a realistic plan for the child's future pending his eventual prison release. Initially, we note that incarcerated parents are not exempt from the requirement that they plan for their child's future (*see, Matter of Gregory B.*, 74 NY2d 77, 88). Respondent suggested that his son be placed with friends and, although they expressed interest in taking the child, the matter was never pursued. His alternative suggestion of placement with his second wife, whom he met and married while in prison, was determined to be unsuitable. Long-term foster care is not in the best interest of a child and is not a viable plan. A child is entitled to permanency (*see, supra,* at 90). Respondent never submitted a plan that was realistic and feasible. Therefore,

Family Court did not err in concluding that respondent's efforts were insufficient.

Cardona, P. J., Mikoll, White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.