■ In the Matter of AMANDA C. and Another, Children Alleged to be Permanently Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBERT C., Appellant. [722 NYS2d 267] —Cardona, P. J. Appeal from an order of the Family Court of St. Lawrence County (Rogers, J.), entered February 28, 2000, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent is the biological father of Amanda C. (born in 1992) and Cassondra C. (born in 1993). In November 1997, the children were voluntarily placed by their mother with petitioner because she was hospitalized and respondent was incarcerated. As the result of a finding that he physically and sexually assaulted the children's half-sibling, respondent's stepdaughter, the children were adjudicated in Family Court to be derivatively neglected by respondent in an order entered May 22,

---

1998. Thereafter, on August 4, 1998, respondent pleaded guilty in County Court to sexual abuse in the first degree in connection with the abuse of his stepdaughter. He was sentenced to a determinate prison sentence of four years. In July 1999, petitioner commenced this proceeding against respondent requesting that the children be adjudicated permanently neglected. Petitioner further requested that respondent's parental rights be terminated, pursuant to Social Services Law § 384-b, for his failure for a period of more than one year to substantially and continuously or repeatedly maintain contact with or plan for the children's future. During the year in question from November 6, 1997 to November 6, 1998, respondent was continuously incarcerated.

Prior to the fact-finding hearing held in September 1999, petitioner moved to be excused from the requirement that it provide "reasonable efforts * * * to make it possible for the child[ren] to return safely to the[ir] home" (Social Services Law § 358-a [3] [b]) and, therefore, be relieved from exercising diligent efforts to encourage and strengthen the parental relationship (see, Social Services Law § 384-b [7] [a]). Family Court granted the motion finding "aggravated circumstances" (Social Services Law § 358-a [12]) consisting of severe abuse (see, Social Services Law § 384-b [8] [a] [ii]) premised upon respondent's commission of the crime of sexual abuse in the first degree (see, Penal Law § 130.65 [3]).

At the close of the fact-finding hearing, Family Court found that respondent failed to plan for the future of the children and adjudicated them to be permanently neglected. Following a dispositional hearing in February 2000, Family Court terminated respondent's parental rights and transferred custody of the children to petitioner resulting in this appeal.

Initially, we agree with respondent's contention that Family Court erred in granting petitioner's motion to relieve it from providing reasonable efforts to make it possible for the children to return safely to their home and, in so doing, dispense with the requirement of diligent efforts. Since respondent did not commit a felony sex offense enumerated in Social Services Law § 384-b (8) (a) (ii) *against either of the children who are the subject of this proceeding*, they cannot be deemed to have been "severely abused" nor subjected to "aggravated circumstances" within the meaning of Social Services Law § 384-b (8) (a) (ii) and § 358-a (12), respectively.

Nevertheless, based upon the record of the fact-finding hearing, we find that petitioner did in fact exercise diligent efforts *to encourage and strengthen the parental relationship.*

Petitioner developed appropriate service plans for respondent in January and February 1998 which called for him to complete an incest offender program and attend anger management classes as well as obtain a drug and alcohol evaluation. Petitioner's representatives met with him at St. Lawrence County Correctional Facility to review the service plans. Although respondent argues that neither the incest offender program nor the anger management classes were available to him while he was incarcerated at the local correctional facility, that fact is immaterial to the determination of diligent efforts inasmuch as petitioner was not required to provide such services during his incarceration (*see,* Social Services Law § 384-b [7] [f] [3]). Additionally, we note that petitioner provided respondent with the children's report cards, discussed with him issues pertaining to them (*see,* Social Services Law § 384-b [7] [f] [4]) and brought the children to the facility on several occasions for visitation (*see,* Social Services Law § 384-b [7] [f] [5]). In our view, under the circumstances herein, petitioner met its threshold burden of demonstrating by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (*see, Matter of Sheila G.,* 61 NY2d 368, 373).

We now turn to whether respondent failed for a period of more than one year to "substantially and continuously or repeatedly * * * maintain contact with or plan for the future of the child[ren], although physically and financially able to do so" (Social Services Law § 384-b [7] [a]). We note that, contrary to respondent's assertions, "contact and planning are alternative elements, and proof of failure to perform one is sufficient to sustain a finding of permanent neglect" (*Matter of Shannon U.,* 210 AD2d 752, 754, *lv denied* 85 NY2d 807; *accord, Matter of Richard W.,* 265 AD2d 685, 687; *Matter of Scotty C.,* 154 AD2d 784, 786, *lv denied* 75 NY2d 707). Here, we are solely concerned with respondent's failure to plan for the children's future since that is the basis for Family Court's finding of permanent neglect. In that regard, it is clear that "[t]he plan must be realistic and feasible" (Social Services Law § 384-b [7] [c]; *see, Matter of Nathaniel T.,* 67 NY2d 838, 840; *Matter of Leon RR.,* 48 NY2d 117, 125).

The evidence herein shows that respondent did not provide a realistic plan for the children's future. He proposed placements with the children's mother, his grandmother or his siblings which were untenable under the existing circumstances. Furthermore, since respondent is serving consecutive sentences for other felony convictions unrelated to his sexual abuse

conviction, he will not be eligible for parole until the year 2004, assuming he receives the jail credits for which he claims entitlement. Moreover, as respondent candidly observed, he may not be released until his conditional release date sometime in the fall of 2005. Since, in effect, respondent's "plan" necessarily relegates the children to long-term foster care, an alternative antithetical to their need for permanency (*see, Matter of Gregory B.*, 74 NY2d 77, 90; *Matter of Abdul W.*, 224 AD2d 875, 876), we find the plan insufficient to satisfy his statutory obligation. Accordingly, we find that Family Court properly adjudicated the children to be permanently neglected by clear and convincing evidence.

Proceeding to respondent's contention that Family Court erred in terminating his parental rights, we point out that a court's determination after a dispositional hearing must be based upon the best interest of the child (*see,* Family Ct Act § 631; *Matter of Star Leslie W.*, 63 NY2d 136, 147-148; *Matter of Princess C.*, 279 AD2d 825). Considering the totality of the circumstances herein, including, *inter alia*, the prospect of long-term foster care for the children and respondent's failure to make sufficient progress in overcoming the problems that precipitated the removal of the children in the first instance (*see, Matter of Rita XX.*, 279 AD2d 901, 902-903), we decline to disturb Family Court's finding that termination of respondent's parental rights was in the best interests of the children (*see, id.*, at 903; *Matter of Patrick JJ.*, 262 AD2d 678, 679).

We have considered respondent's remaining contentions and find that they lack merit.

Crew III, Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.