■ In the Matter of Princess C. and Others, Children Alleged to be Permanently Neglected. Albany County Department of Social Services, Respondent; Lavonia D., Appellant. [729 NYS2d 557] —Cardona, P. J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered November 3, 1999, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

In our prior decision, we agreed with Family Court's determination that the children were permanently neglected by respondent, but indicated that the record was not clear concerning whether respondent's parental rights should be terminated (279 AD2d 825). Therefore, we held this appeal in abeyance and remitted the matter for a further dispositional hearing.

Family Court conducted such hearing and we affirm its conclusion that termination of respondent's parental rights is in the best interests of all the children. The record supports Family Court's findings that respondent continues to lack insight into the underlying reasons for the children's removal and the steps that must be taken to ensure that their emotional, developmental and educational needs are satisfied. Moreover, the limited progress that respondent demonstrated during the

fact-finding hearing held in July 1999 seems to have abated in that she is no longer employed, no longer attending individual or domestic violence counseling and is still in contact with her physically abusive husband, whose parental rights with respect to three of the children were previously terminated.

It is readily apparent that after several years in foster care, the children, several of whom have special needs, require the stability and permanency afforded by adoptive homes. They cannot be relegated to long-term foster care in the mere hope that respondent will someday make sufficient progress to overcome the problems that precipitated their removal in the first instance (*see, Matter of Amanda C.,* 281 AD2d 714, *lv denied* 96 NY2d 714). Notably, four of the children have been placed in preadoptive foster homes while one, Jyrese C., whose father's parental rights have been terminated, has been placed with a family that has indicated a willingness to consider adoption. Although Princess C., who is now 14, has not affirmatively indicated that she would consent to adoption (*see,* Domestic Relations Law § 111 [1] [a]) if respondent's rights were terminated, neither has she indicated her opposition thereto. Thus, we cannot say that termination with respect to her would serve no useful purpose (*see, Matter of Miguel Angel Andrew R.,* 263 AD2d 354).

Accordingly, we decline to disturb the determination of Family Court that termination of respondent's parental rights and transfer of the children's guardianship and custody to petitioner is in their best interests.

Mercure, Crew III, Peters and Rose, JJ., concur. Ordered that the order is affirmed, without costs.