■ In the Matter of KAIDEN AA., a Child Alleged to be Permanently Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN BB., Appellant. [917 NYS2d 394]—

Peters, J.P. Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered July 2, 2010, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

Respondent is the father of Kaiden AA. (born in 2006). When the child was six months old, respondent was incarcerated for forgery and other related crimes. He was released from prison in March 2007, but was reincarcerated on new charges in November 2007 with a conditional release date of June 2012 and a maximum sentence extending to October 2014. Meanwhile, in August 2007, the child was removed from the mother's home after suffering serious injuries at the hands of her thenboyfriend. The mother was adjudged to have abused and neglected the child and thereafter surrendered her parental rights. Since removal from the mother's care, the child has continuously resided in the same preadoptive foster home, along with his younger half sister who has been in petitioner's custody since her birth.

In January 2010, petitioner commenced this proceeding to terminate respondent's parental rights based on permanent neglect. Following a fact-finding hearing, Family Court adjudicated the child to be permanently neglected. The court then rendered a disposition terminating respondent's parental rights and freeing the child for adoption. Respondent appeals.

We are unpersuaded by respondent's contention that petitioner failed to prove that it made diligent efforts to encourage and strengthen the parental relationship between him and his son during his incarceration (see Social Services Law § 384-b [7] [a], [f]; Matter of Lawrence KK. [Lawrence LL.], 72 AD3d 1233, 1234 [2010], lv denied 14 NY3d 713 [2010]). Shortly after the child was removed from the mother's care, petitioner learned that respondent was in prison and informed him of the child's placement in foster care. Petitioner thereafter provided respondent copies of all permanency reports and kept him informed of

the child's health and progress.[1] Petitioner also responded to letters and inquiries from respondent and sent him pictures of the child. After respondent identified his sister as a suitable relative for placement, petitioner explored this possibility and ultimately determined that such placement was not suitable given her child protective history and criminal background. Although respondent points to petitioner's failure to make arrangements for the child to visit him while incarcerated, given the child's young age and the distance he would have to travel to respondent's place of incarceration, visitation was not in the child's best interests and, therefore, was not required (*see* Social Services Law § 384-b [7] [f] [5]; *Matter of Lawrence KK. [Lawrence LL.]*, 72 AD3d at 1234; *Matter of Anastasia FF.*, 66 AD3d 1185, 1186 [2009], *lv denied* 13 NY3d 716 [2010]). Furthermore, contrary to respondent's contention, the fact that petitioner failed to offer or provide him with rehabilitative services while incarcerated "is immaterial to the determination of diligent efforts inasmuch as petitioner was not required to provide such services during his incarceration" (*Matter of Amanda C.*, 281 AD2d 714, 716 [2001], *lv denied* 96 NY2d 714 [2001]; *see* Social Services Law § 384-b [7] [f] [3]). In our view, petitioner's efforts were reasonable and diligent under the circumstances of this case (*see Matter of Amanda C.*, 281 AD2d at 715-716).

Our analysis now shifts to whether respondent fulfilled his obligation to both maintain contact with the child and develop a realistic plan for his future (*see* Social Services Law § 384-b [7]; *Matter of Gregory B.*, 74 NY2d 77, 86 [1989]; *Matter of Lawrence KK. [Lawrence LL.]*, 72 AD3d at 1234; *Matter of Antonio EE. v Schoharie County Dept. of Social Servs.*, 38 AD3d 944, 945 [2007], *lv denied* 8 NY3d 813 [2007]). We find that he did not. Respondent has had no direct contact with his child since he was 16 months old, nor has he pursued any visitation with the child during his incarceration.[2] Petitioner's caseworker testified that, between April 2008 and January 2010, respondent contacted petitioner on only four occasions and had not sent any cards, letters or gifts to the child. Moreover, other than suggesting his sister as a potential placement resource, the only other plan offered by respondent for his child's future was "to build some kind of relationship" with him. This "plan" necessarily required that the child remain in foster care until

---

1. Although respondent requested the child's medical records, petitioner did not possess these records and informed respondent of this.

2. While respondent filed a petition for visitation at some time in 2009, he subsequently withdrew that petition.

respondent's release from prison, which is not in the child's best interests and is antithetical to his need for permanency (*see Matter of Gregory B.*, 74 NY2d at 90; *Matter of Amanda C.*, 281 AD2d at 717; *Matter of Abdul W.*, 224 AD2d 875, 876 [1996]). According deference to Family Court's credibility assessments (*see Matter of Maelee N.*, 48 AD3d 929, 930 [2008], *lv denied* 10 NY3d 709 [2008]), we find ample support for its conclusion that respondent permanently neglected his son by failing to adequately and realistically plan for his future (*see Matter of Antonio EE. v Schoharie County Dept. of Social Servs.*, 38 AD3d at 947; *Matter of Amanda C.*, 281 AD2d at 717; *Matter of Abdul W.*, 224 AD2d at 876-877).

Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.