■ In the Matter of TRESTIN T., a Child Alleged to be Permanently Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SHAWN U., Appellant. (And Another Related Proceeding.) [922 NYS2d 573]—

Egan Jr., J.

Respondent is the biological father of Trestin T. (born in 2006), who was placed in foster care two days after his birth.

The child's mother surrendered her parental rights to petitioner. Respondent, who has a history of sexual misconduct, has been incarcerated for attempted rape in the first degree since before the child's birth.

In October 2009, petitioner commenced this proceeding against respondent requesting that the child be adjudicated permanently neglected and respondent's parental rights be terminated. Following a fact-finding hearing, Family Court found that respondent did not adequately plan for the future of the child and adjudicated the child to be permanently neglected. Thereafter, a dispositional hearing was held, at the conclusion of which the court ordered respondent's parental rights terminated, committed the child to petitioner and freed him for adoption. This appeal ensued.*

We are unpersuaded by respondent's contention that petitioner did not prove by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parent-child relationship between him and the child during his incarceration (see Social Services Law § 384-b [7] [a]; Matter of Lawrence KK. [Lawrence LL.], 72 AD3d 1233, 1234 [2010], lv denied 14 NY3d 713 [2010]). The record establishes that petitioner's caseworkers provided respondent with the permanency reports, developed an appropriate service plan to address pertinent issues and apprised him of the child's well-being. Petitioner's caseworkers met with respondent at prison, arranged to speak with him by telephone and spoke to prison personnel regarding his progress in various prison programs. Furthermore, petitioner delivered cards from respondent to the child and arranged visitation between the child and the paternal grandmother. Notably, visitation between respondent and the child was not required inasmuch as respondent agreed, in 2007, to an order prohibiting visitation until his successful completion of a sex offender treatment program, which, at the commencement of this proceeding, he had yet to accomplish. Petitioner also investigated possible placement with relatives suggested by respondent, none of which were deemed suitable. In our view, Family Court properly found that petitioner made the requisite reasonable and diligent efforts (see Matter of Kaiden AA. [John BB.], 81 AD3d 1209, 1209-1210 [2011]; Matter of Lawrence KK. [Lawrence LL.], 72 AD3d at 1234).

Next, although there is no dispute that respondent maintained contact with petitioner regarding the child, respondent was

---

* Respondent apparently petitioned to modify his visitation with the child. That petition was dismissed as moot in the order appealed and no challenge thereto has been raised on this appeal.

required, despite his incarceration, to develop a realistic plan for the child's future (*see* Social Services Law § 384-b [7] [a]; *Matter of Kaiden AA.*, 81 AD3d at 1210; *Matter of Abdul W.*, 224 AD2d 875, 876 [1996]). This he did not do. The family members that respondent suggested as possible placement resources for the child proved to be unavailable or unsuitable. Furthermore, even with respondent's anticipated release from prison, the record demonstrates that compliance with the service plan would take at least a year, thereby subjecting the child to a longer term in foster care. Absent any feasible plan for the child's future, other than long-term foster care, we find no basis under the circumstances herein to disturb Family Court's finding of permanent neglect (*see Matter of Amanda C.*, 281 AD2d 714, 716-717 [2001], *lv denied* 96 NY2d 714 [2001]).

Finally, respondent contends that Family Court erred in not granting his request for a suspended judgment rather than terminating his parental rights. We disagree. Given the totality of circumstances, including the prospect that the child will remain in foster care for an extended period of time, the lack of a relationship between respondent and the child, and the bond the child has with the foster family who has cared for him since birth, we are unpersuaded that termination of respondent's parental rights was not in the child's best interest (*see Matter of Anastasia FF.*, 66 AD3d 1185, 1187 [2009], *lv denied* 13 NY3d 716 [2010]).

Spain, J.P., Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

