■ In the Matter of HAILEY ZZ., a Child Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RICKY ZZ., Appellant. [924 NYS2d 643]—

Rose, J.P. Appeals from two orders of the Supreme Court (Ames, J.), entered August 12, 2010 and October 29, 2010 in Tompkins County, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Hailey ZZ. to be a permanently neglected child, and terminated respondent's parental rights.

Hailey ZZ. (born in 2007) lived with her mother, her half sister and respondent, her father, until respondent's incarceration in 2008 on an aggregate sentence of 5 to 15 years in prison. Later that year, petitioner removed the children from the mother's custody and she surrendered her parental rights. In

2010, petitioner commenced this proceeding to terminate respondent's parental rights based on permanent neglect. Following fact-finding and dispositional hearings, Supreme Court granted the petition. Respondent appeals.

Termination of respondent's parental rights based upon permanent neglect required proof that, as relevant here, he failed to plan for the future of the child despite petitioner's diligent efforts to strengthen the parent-child relationship (see Social Services Law § 384-b [7]; Matter of Gregory B., 74 NY2d 77, 86 [1989]). Petitioner established that it arranged visitation for respondent, communicated with him regarding service plans and the progress of the child, and investigated various relatives as resources for placement. Respondent argues that petitioner should have considered his sister or his girlfriend as potential resources. The record reflects, however, that neither was an appropriate placement option because the sister had lost her job working with the elderly after being hotlined and the girlfriend was neither a relative nor a certified foster parent. Further, respondent did not suggest his girlfriend as a placement option until three months after the filing of the permanent neglect petition, by which time the child had been in foster care with her half sister for nearly 20 months. Given this evidence, Supreme Court properly found that petitioner made the requisite diligent efforts (see Matter of Trestin T. [Shawn U.], 82 AD3d 1535, 1536 [2011]; Matter of Kaiden AA. [John BB.], 81 AD3d 1209, 1210 [2011]).

The record reflects that respondent's earliest possible release date is March 2012, and we agree with Supreme Court that he did not take the steps necessary to provide a stable and adequate home for the child pending his release from incarceration (see Matter of Gregory B., 74 NY2d at 87; Matter of Lawrence KK. [Lawrence LL.], 72 AD3d 1233, 1234-1235 [2010], lv denied 14 NY3d 713 [2010]). His plans to have his girlfriend serve as placement or, in the alternative, to write to other relatives who live three hours away and have no established relationship with the child are neither timely nor realistic. Accordingly, we find no basis to disturb the court's conclusion that respondent failed to plan for the child's future (see Matter of Trestin T. [Shawn U.], 82 AD3d at 1537; Matter of Kaiden AA. [John BB.], 81 AD3d at 1210; Matter of Lawrence KK. [Lawrence LL.], 72 AD3d at 1235; Matter of Antonio EE. v Schoharie County Dept. of Social Servs., 38 AD3d 944, 946-947 [2007], lv denied 8 NY3d 813 [2007]).

The record also supports the finding that, instead of remaining in foster care on a long-term basis while respondent remains

incarcerated, it is in the child's best interests to be freed for adoption by the foster parents, who have expressed a willingness to adopt the child and her half sister, to whom she is closely bonded (*see Matter of Trestin T. [Shawn U.]*, 82 AD3d at 1537; *Matter of Antonio EE. v Schoharie County Dept. of Social Servs.*, 38 AD3d at 947). Finally, the request for posttermination visitation was properly denied as unavailable in a contested termination proceeding (*see Matter of Raine QQ.*, 51 AD3d 1106, 1107 [2008], *lv denied* 10 NY3d 717 [2008]; *Matter of Melissa DD.*, 45 AD3d 1219, 1221-1222 [2007], *lv denied* 10 NY3d 701 [2008]; *Matter of Cheyanne M.*, 299 AD2d 162 [2002]).

Malone Jr., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.