In the Matter of CHARLES K. and Another, Children Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHARLES L., Appellant.
[955 NYS2d 428]—

Garry, J. Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered January 25, 2012, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected.

Respondent, the father of two children involved in this proceeding (born in 2002 and 2003), has been incarcerated since September 2009 upon a conviction for attempted assault in the first degree, and he will be eligible for parole in October 2013. In January 2010, the children were removed from their mother's home and placed in petitioner's custody. Petitioner commenced this permanent neglect proceeding in March 2011. Following fact-finding and dispositional hearings, Family Court determined that respondent had permanently neglected the children and terminated his parental rights. Respondent appeals, and we affirm.

Respondent contends that petitioner failed to meet its burden in this permanent neglect proceeding to prove that it made the requisite diligent efforts to encourage and strengthen his relationship with his children (see Social Services Law § 384-b [7] [a], [f]; *Matter of Hailey ZZ. [Ricky ZZ.]*, 85 AD3d 1265, 1266 [2011], *affd* 19 NY3d 422 [2012]; *Matter of Kaiden AA. [John BB.]*, 81 AD3d 1209, 1209 [2011]). Where a parent is incarcerated, petitioner's duty to facilitate the parental relationship may be satisfied by, among other things, informing the parent of the children's well-being and progress, responding to the parent's inquiries, investigating relatives suggested by the parent as placement resources, and facilitating communication between the children and the parent (*see e.g. Matter of James J. [James K.]*, 97 AD3d 936, 937 [2012]; *Matter of Lawrence KK. [Lawrence LL.]*, 72 AD3d 1233, 1234 [2010], *lv denied* 14 NY3d 713 [2010]). Here, petitioner's caseworker provided respondent with permanency reports and information about his rights and responsibilities, facilitated written correspondence between him and the children, and sent him photographs and detailed letters describing their placements, health and activities. When respondent suggested his mother as a placement resource, the caseworker promptly contacted her, and later did the same with respondent's sister. She explored these relatives' willingness to

care for the children, encouraged them to visit and communicate with the children, offered transportation assistance, continued this encouragement even when the relatives did not contact or visit the children, sought respondent's help in maintaining communication with them and, ultimately, asked respondent for additional suggestions when these relatives proved to be unsuitable.

Respondent now contends that petitioner should have acted with more dispatch in investigating the relatives' suitability, but the caseworker testified that a delay in obtaining home studies resulted, at least in part, from communication difficulties with the responsible New York City agency, and she further testified that she had advised the relatives of the need to develop their relationships with the children as a first step before any potential placement, which they failed to do.* Finally, respondent does not claim that earlier completion of the home studies would have allowed him to suggest any other, more suitable placement resources; when his relatives were rejected, the only alternative he was able to propose was his homeless girlfriend, who apparently had no relationship with the children.

As to respondent's claim that petitioner should have provided him with visitation, this would not have been in the children's best interests in light of their young age, the distance they would have had to travel to the correctional facility, and the emotional and behavioral difficulties that the caseworker described that both children demonstrated in adjusting to foster care and visiting their mother, who was also subsequently incarcerated (*see* Social Services Law § 384-b [7] [f] [5]; *Matter of Marquise JJ. [Jamie KK.]*, 91 AD3d 1137, 1139 [2012], *lv denied* 19 NY3d 801 [2012]; *Matter of Kaiden AA. [John BB.]*, 81 AD3d at 1210; *Matter of Lawrence KK. [Lawrence LL.]*, 72 AD3d at 1234). Thus, "petitioner proved by clear and convincing evidence that it made affirmative, repeated and meaningful efforts" and satisfied its duty to exercise diligent efforts on respondent's behalf (*Matter of Victorious LL. [Jonathan LL.]*, 81 AD3d 1088, 1090 [2011], *lv denied* 16 NY3d 714 [2011] [internal quotation marks and citation omitted]; *see Matter of Trestin T. [Shawn U.]*, 82 AD3d 1535, 1536 [2011], *lv denied* 17 NY3d 704 [2011]; *Matter of Hailey ZZ. [Ricky ZZ.]*, 85 AD3d at 1266).

Mercure, J.P., Spain, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Petitioner was also working toward reunifying the children with their mother throughout much of the pertinent time period, a goal that would not have been furthered by placing the children with respondent's distant relatives.