Peters, P.J.
Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered January 19, 2012, which granted petitioner’s applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate the subject children to be permanently neglected, and terminated respondent’s parental rights.
Respondent is the father of Johanna M. (born in 2007) and Tyler L. (born in 2009). Johanna was removed from her mother’s care when she was 13 months old and Tyler was removed following his birth. Both children were placed in foster care with their paternal grandmother and, upon her death, with their paternal aunt. Respondent, who is currently incarcerated, has been in and out of prison consistently since 2002 and throughout nearly the entirety of the children’s young lives.
Following respondent’s most recent conviction in July 2010, petitioner commenced these proceedings seeking to terminate his parental rights based upon permanent neglect. Following a fact-finding hearing, Family Court found that respondent did not adequately plan for the future of the children and adjudicated the children to be permanently neglected. After a dispositional hearing, the court terminated respondent’s parental rights and freed the children for adoption. Respondent appeals.
Petitioner proved by clear and convincing evidence that it *950 made diligent efforts to encourage and strengthen the parental relationship between respondent and his children (see Social Services Law § 384-b [7] [a], [f]; Matter of James J. [James K.], 97 AD3d 936, 937 [2012]; Matter of Kaiden AA. [John BB.], 81 AD3d 1209, 1209 [2011]). An appropriate service plan for respondent was developed by petitioner, both while respondent was incarcerated and during the brief periods when he was living in the community, and family team meetings were held to discuss and review that plan. Petitioner also provided referrals for a mental health evaluation as well as other services aimed at addressing the problems that led to the children’s removal, including substance abuse and domestic violence counseling. Petitioner’s caseworkers sent respondent permanency reports, continuously apprised him of the progress and health of the children and facilitated regular visitation with the children at the prison, including providing assistance with the cost of transportation. Such proof is more than sufficient to discharge petitioner’s obligation to exercise diligent efforts (see Matter of Summer G. [Amy F.], 93 AD3d 959, 961-962 [2012]; Matter of Angelina BB. [Miguel BB.], 90 AD3d 1196, 1197 [2011]; Matter of Crystal JJ. [Sarah KK.], 85 AD3d 1262, 1263 [2011], lv denied 17 NY3d 711 [2011]).
Although respondent maintained regular contact with the children through visits, phone calls and letters, he was also obligated, despite his incarceration, to develop a realistic plan for the children’s future (see Social Services Law § 384-b [7] [a]; Matter of Trestin T. [Shawn U.], 82 AD3d 1535, 1536-1537 [2011], lv denied 17 NY3d 704 [2011]; Matter of Antonio EE. v Schoharie County Dept. of Social Servs., 38 AD3d 944, 945 [2007], lv denied 8 NY3d 813 [2007]; Matter of Elijah NN., 20 AD3d 728, 729 [2005]). During the relevant time period, respondent failed to adequately address and remedy the problems that led to the children’s removal. He has a long history of substance abuse and, despite having completed several substance abuse treatment programs, he again relapsed into drug use and tested positive for marihuana, opiates and amphetamines during his brief release from prison prior to his most recent incarceration. Moreover, respondent’s stated plan was for the children to reside with his sister while he remained in prison and until such time as he is able to get into a “structured environment,” maintain sobriety and cease his criminal behavior. Yet respondent was unable to articulate any specific plans for regaining and maintaining custody of the children, such as a plan for obtaining employment or securing suitable housing for the children. Notably, respondent had an opportunity to engage in services necessary to become a resource for the children and to make a *951 meaningful plan for their future while he was released from prison in 2009, but he squandered that opportunity by again engaging in criminal activity that resulted in his current incarceration. Thus, respondent’s “plan” necessarily relegates the children to foster care for the remainder of his prison term and for an undetermined period of time thereafter while he attempts to rehabilitate himself. We cannot agree with respondent’s assertion that this is a viable plan simply because the children will remain in the care of a kinship foster parent. While there is no dispute that respondent’s sister is an acceptable resource, the children are entitled to permanency (see Matter of Gregory B., 74 NY2d 77, 90 [1989]; Matter of Abdul W., 224 AD2d 875, 876 [1996]; see also Matter of Shawn O., 19 AD3d 238, 239 [2005]). Accordingly, we find no basis to disturb Family Count’s conclusion that respondent permanently neglected his children by failing to adequately and realistically plan for their future (see Matter of James J. [James K.], 97 AD3d at 938-939; Matter of Trestin T. [Shawn U.], 82 AD3d at 1537; Matter of Kaiden AA. [John BB.], 81 AD3d at 1210-1211).
Finally, respondent contends that his parental rights should not have been terminated. “Following an adjudication of permanent neglect, the sole concern at a dispositional hearing is the best interests of the child and there is no presumption that any particular disposition, including the return of a child to a parent, promotes such interests” (Matter of Angelica VV., 53 AD3d 732, 733 [2008] [citations omitted]; see Family Ct Act § 631; Matter of Kellcie NN. [Sarah NN.], 85 AD3d 1251, 1252 [2011]). To be sure, the children have a relationship with respondent, but he has never parented them. As we have noted, respondent has been incarcerated for the overwhelming majority of the children’s lives and, even when he was not incarcerated, he did not reside with or have custody of them. The children, who have been in foster care nearly all of their lives, have been thriving in the care of their paternal grandmother and, subsequently, their paternal aunt, who intends to adopt them. Given all of the circumstances, we are of the view that Family Court properly found that termination of respondent’s parental rights was in the children’s best interests (see Matter of Summer G. [Amy F.], 93 AD3d at 962; Matter of Willard L., 23 AD3d 964, 966 [2005], lv denied 6 NY3d 708 [2006]; Matter of Shawn O., 19 AD3d at 239).
Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.