■ In the Matter of JAZMYNE II., a Child Alleged to be Permanently Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FRANK MM., Appellant. [41 NYS3d 179]—

Devine, J. Appeals from two orders of the Family Court of Clinton County (Lawliss, J.), entered November 20, 2015 and January 12, 2016, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be permanently neglected, and terminated respondent's parental rights.

Respondent is the father of a daughter (born in 2008) and has been incarcerated since 2011. The child was removed from the care of her mother in March 2014 and placed in the care of petitioner. Following a proceeding in which respondent participated, the mother was adjudicated to have neglected the child in June 2014. The ensuing efforts to reunite the child with the mother or place her in the care of other relatives did not prove fruitful and, in August 2015, Family Court approved a change in the permanency goal to placement for adoption. Petitioner commenced this permanent neglect proceeding against respondent later that month and alleged, among other things, that respondent had failed to plan for the future of the child for a period of over one year. Following fact-finding and dispositional hearings, Family Court adjudicated the child to be permanently neglected and terminated respondent's parental rights.

Respondent appeals from both the fact-finding and dispositional orders. As no appeal as of right lies from the fact-finding order, that appeal must be dismissed (*see Matter of Aniya L. [Samantha L.]*, 124 AD3d 1001, 1002 n [2015], *lv denied* 25 NY3d 904 [2015]; *Matter of Samuel DD. [Margaret DD.]*, 123 AD3d 1159, 1160 n 2 [2014], *lv denied* 24 NY3d 918 [2015]). As for respondent's appeal from the dispositional order, which brings up for review the fact-finding order (*see Matter of Aniya L. [Samantha L.]*, 124 AD3d at 1002 n), we affirm.

Contrary to the contention of respondent, petitioner met its initial burden of showing that it made diligent efforts to encourage and strengthen his relationship with the child (*see* Social Services Law § 384-b [7] [a]; *Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d 422, 429 [2012]). Inasmuch as respondent was incarcerated, diligent efforts by petitioner may include, "among other things, informing the parent of the child[ ]'s well-being and progress, responding to the parent's inquiries, investigating relatives suggested by the parent as placement resources, and facilitating communication between the child[ ] and the parent" (*Matter of Charles K. [Charles L.]*, 100 AD3d 1308, 1308 [2012]; *see* Social Services Law § 384-b [7] [f]; *Matter of Britiny U. [Tara S.]*, 124 AD3d 964, 966 [2015]).

Respondent did not live with the child prior to his incarceration and was not in contact with her after his incarceration began. Petitioner encouraged contact to resume in 2014 by keeping respondent informed as to the child's well-being and facilitating written communication between them. Respondent and the child never spoke by telephone and did not have regular visitation due to the problems inherent in making the long trip between the young child's residence and respondent's place of imprisonment, although two face-to-face visits occurred when respondent was housed nearby (*see Matter of Britiny U. [Tara S.]*, 124 AD3d at 966; *Matter of Kaiden AA. [John BB.]*, 81 AD3d 1209, 1210 [2011]). Petitioner also investigated, at respondent's suggestion, the child's paternal grandmother and aunt as placement resources, but those individuals either stated their unwillingness to care for the child or did not act to assume that responsibility in a timely manner. In our view, the foregoing constitutes clear and convincing evidence to support the finding that petitioner made diligent efforts to encourage and strengthen the parental relationship between respondent and the child (*see Matter of Britiny U. [Tara S.]*, 124 AD3d at 966; *Matter of Charles K. [Charles L.]*, 100 AD3d at 1308-1309; *Matter of Kaiden AA. [John BB.]*, 81 AD3d at 1210).

Petitioner further made the requisite demonstration that, even after taking respondent's incarceration into account, he had not "develop[ed] a realistic plan for the child[ ]'s future" (*Matter of Johanna M. [John L.]*, 103 AD3d 949, 950 [2013], *lv denied* 21 NY3d 855 [2013]; *see* Social Services Law § 384-b [7]; *Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d at 429). Respondent primarily argues on appeal that granting custody of the child to the paternal grandmother was a realistic plan, but notably failed to suggest a change in the permanency goal for the child to further that plan. The plan was unrealistic, in any case, as

it contemplated relocating the child to South Carolina to be cared for by a relative who had never met her and had not sought placement or custody in a timely manner (*see Matter of Marquise JJ. [Jamie KK.]*, 91 AD3d 1137, 1139-1140 [2012], *lv denied* 19 NY3d 801 [2012]; *Matter of Trestin T. [Shawn U.]*, 82 AD3d 1535, 1537 [2011], *lv denied* 17 NY3d 704 [2011]). The record therefore supports the finding of permanent neglect.

As a final matter, we do not agree with respondent that Family Court should have entered a suspended judgment rather than terminating his parental rights. A suspended judgment offers "a brief grace period designed to prepare the parent to be reunited with the child," but is only appropriate where a delay would be consonant with the best interests of the child (*Matter of Michael B.*, 80 NY2d 299, 311 [1992]; *see* Family Ct Act §§ 631, 633; *Matter of Aniya L. [Samantha L.]*, 124 AD3d at 1005). The child and her half brother by a different father have resided with the same foster family since 2014, and the child has a strong bond with all of them. After considering the positive living situation that the child finds herself in now, the absence of a more significant relationship between her and respondent (or his family) and the uncertainty surrounding both when respondent would be released from prison and where he would reside, Family Court was right to conclude that further delay was not in the child's best interests and that termination of respondent's parental rights was warranted (*see Matter of Marquise JJ. [Jamie KK.]*, 91 AD3d at 1140-1141; *Matter of Trestin T. [Shawn U.]*, 82 AD3d at 1537).

McCarthy, J.P., Lynch, Mulvey and Aarons, JJ., concur. Ordered that the appeal from the order entered November 20, 2015 is dismissed, without costs.

Ordered that the order entered January 12, 2016 is affirmed, without costs.