Matter of Deon M. (Vernon B.) (2019 NY Slip Op 01980)





Matter of Deon M. (Vernon B.)


2019 NY Slip Op 01980


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1322 CAF 16-01378

[*1]IN THE MATTER OF DEON M. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; VERNON B., RESPONDENT-APPELLANT.

IN THE MATTER OF DAVID M.J.B. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; VERNON B., RESPONDENT-APPELLANT.






CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
ERIC R. ZIOBRO, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered August 4, 2016 in proceedings pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights and freed the subject children for adoption. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Social Services Law § 384-b, respondent father appeals from an order that, inter alia, terminated his parental rights with respect to the subject children on the ground of permanent neglect. Contrary to the father's contention, we conclude that petitioner met its burden of establishing "by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the [father] and [the children]" (Matter of Jayveon S. [Timothy S.], 158 AD3d 1283, 1283 [4th Dept 2018], lv denied 31 NY3d 908 [2018] [internal quotation marks omitted]; see Matter of Walter DD. [Walter TT.], 152 AD3d 896, 897-898 [3d Dept 2017], lv denied 30 NY3d 905 [2017]; Matter of Kaiden AA. [John BB.], 81 AD3d 1209, 1209-1210 [3d Dept 2011]). Contrary to the father's further contention, petitioner also established that the father "failed substantially and continuously to plan for the future of the [children] although physically and financially able to do so" (Matter of Makayla S. [David S.—Alecia P.], 118 AD3d 1312, 1312 [4th Dept 2014], lv denied 24 NY3d 904 [2014] [internal quotation marks omitted]; see § 384-b [7] [a]). With respect to the younger child, although the father participated in some of the services offered by petitioner, petitioner established that the father "did not successfully address or gain insight into the problems that led to the removal of the child and continued to prevent the child's safe return" (Matter of Giovanni K., 62 AD3d 1242, 1243 [4th Dept 2009], lv denied 12 NY3d 715 [2009]). With respect to the older child, the father failed to "provide any realistic and feasible alternative to having the child[ ] remain in foster care until [the father's] release from prison" (Matter of Skye N. [Carl N.], 148 AD3d 1542, 1544 [4th Dept 2017] [internal quotation marks omitted]; see Kaiden AA., 81 AD3d at 1210-1211).
We reject the father's contention that petitioner failed to meet its burden of establishing [*2]by a preponderance of the evidence that termination of his parental rights, rather than a suspended judgment, is in the best interests of the children (see Matter of Burke H. [Richard H.], 134 AD3d 1499, 1502 [4th Dept 2015]; Matter of Justice A.A. [Tina M.G.], 121 AD3d 886, 887-888 [2d Dept 2014]; Matter of Yasiel P. [Lisuan P.], 79 AD3d 1744, 1746 [4th Dept 2010], lv denied 16 NY3d 710 [2011]). The record establishes that the father "failed to complete [his] service plan[] and made inadequate efforts to visit the subject children despite being able to do so" (Burke H., 134 AD3d at 1502).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court