Matter of Ricardo T., Jr. (Ricardo T., Sr.) (2021 NY Slip Op 01053)





Matter of Ricardo T., Jr. (Ricardo T., Sr.)


2021 NY Slip Op 01053


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-09589 
2019-09719
2020-00490
 (Docket No. B-708-13)

[*1]In the Matter of Ricardo T. (Anonymous), Jr. Orange County Department of Social Services, petitioner-respondent; Ricardo T. (Anonymous), Sr., respondent-appellant, et al., respondent.


Geoffrey E. Chanin, Goshen, NY, for appellant.
Langdon C. Chapman, Orange County Attorney, Goshen, NY (Peter R. Schwarz of counsel), for respondent.
George E. Reed, Jr., White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b and Family Court Act article 6, the father appeals from (1) a replacement order of findings of fact, conclusions of law, and order of disposition of the Family Court, Orange County (Carol S. Klein, J.), dated July 8, 2019, (2) an order of the same court dated July 9, 2019, and (3) an order of the same court dated December 27, 2019. The replacement order of findings of fact, conclusions of law, and order of disposition dated July 8, 2019, determined that the father permanently neglected the subject child, terminated his parental rights, and transferred custody and guardianship of the child to the Orange County Department of Social Services for the purpose of adoption. The order dated July 9, 2019, denied the father's petition seeking access to the child. The order dated December 27, 2019, denied the father's petition for, in effect, a suspended judgment and to resume contact with the child.
ORDERED that the appeal from so much of the replacement order of fact-finding, conclusions of law, and order of disposition dated July 8, 2019, as terminated the father's parental rights and transferred guardianship and custody of the subject child to the Orange County Department of Social Services for the purpose of adoption, is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the replacement order of fact-finding, conclusions of law, and order of disposition dated July 8, 2019, is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the appeal from the order dated July 9, 2019, is dismissed, without costs or disbursements, as that order was superseded by the order dated December 27, 2019; and it is further,
ORDERED that the order dated December 27, 2019, is affirmed, without costs or disbursements.
The appeal from so much of the replacement order of fact-finding, conclusions of law, and order of disposition dated July 8, 2019, as terminated the father's parental rights and transferred guardianship and custody of the subject child to the Orange County Department of Social Services for the purpose of adoption must be dismissed as academic, because the child was legally adopted on December 4, 2015, and the father took no action to stay or challenge the adoption (see Matter of Mia P.R.D. [David D.], 113 AD3d 679; Matter of Shamika K.L.N. [Melvin S.L.], 101 AD3d 729).
However, the father's challenge to the finding that he permanently neglected the child, which was made in the replacement order of fact-finding, conclusions of law, and order of disposition dated July 8, 2019, is not academic, because such a finding constitutes a permanent and significant stigma that might indirectly affect the father's status in future proceedings (see Matter of Albert James G. [Shanteek A. C.], 176 AD3d 1206; Matter of Latisha T'Keyah J. [Monie J.], 117 AD3d 1051; Matter of Mia P.R.D. [David D.], 113 AD3d at 680).
Contrary to the father's contention, the petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the father and the child (see Social Services Law § 384-b[7][a]; Matter of Britany U. [Tara S.], 124 AD3d 964; Matter of Charles K. [Charles L.], 100 AD3d 1308; Matter of Hailey ZZ. [Ricky ZZ.], 85 AD3d 1265, affd 19 NY3d 422). The evidence adduced at the fact-finding hearing established that the petitioner's caseworker set up a service plan, which required the father to meet monthly with the agency, to comply with a mental health evaluation and treatment, to participate in substance abuse treatment, to complete a parenting skills course, and to visit with the child. The caseworker also made referrals to the father for each of these services. In addition, the caseworker scheduled and arranged for the father to have visits with the child while incarcerated, and counseled the father that he needed to plan for the child's future, including asking about relatives who could serve as custodial resources for the child. Despite these diligent efforts, the father failed to plan for return of the child (see Matter of Jaxon S. [Jason S.], 170 AD3d 1687; Matter of Soraya S. [Kathryne T.], 158 AD3d 1305). The father's plan, essentially, was for the child to remain in foster care until the father's release from prison, and was inadequate, particularly in light of the father's failure, while incarcerated, to complete mental health treatment, substance abuse treatment, and parenting classes (see Matter of Jaxon S. [Jason S.], 170 AD3d 1687; Matter of Alex C., Jr. [Alex C., Sr.], 114 AD3d 1149; Matter of Hailey ZZ [Ricky ZZ.], 85 AD3d 1265). Accordingly, we agree with the Family Court's determination that the child has been permanently neglected by the father as defined in Social Services Law § 384-b.
Finally, in the order dated December 27, 2019, the Family Court denied the father's petition for, in effect, a suspended judgment and to resume contact with the child. As we agree with the court's determination that the best interests of the child required termination of the father's parental rights, a suspended judgment may not be entered (see Matter of Alfonso J.C. [Jamie A.], 188 AD3d 1196, 1197-1198; Matter of Davon K.W. [Lisette N.C.], 187 AD3d 766, 768). Furthermore, since the child has already been adopted, no authority exists to direct the resumption of contact between the father and the child (see Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d at 426; Matter of Jasiah T-V.S.J. [Shantesse J.], 169 AD3d 1041, 1042).
DILLON, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court