Matter of Marina M. (Krista M.) (2023 NY Slip Op 02004)

Matter of Marina M. (Krista M.)

2023 NY Slip Op 02004

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2022-04873
 (Docket No. B-3810-21)

[*1]In the Matter of Marina M. (Anonymous). Forestdale Fathering Initiative, respondent; Krista M. (Anonymous), appellant.

Heather J. Goldstein, Jamaica, NY, for appellant.
Rosin Steinhagen Mendel, PLLC, New York, NY (Melissa Wagshul of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Amy Hausknecht of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of disposition of the Family Court, Queens County (Monica D. Shulman, J.), dated July 12, 2022. The order of disposition, upon an order of fact-finding of the same court dated June 21, 2022, and after a dispositional hearing, terminated the mother's parental rights and transferred guardianship and custody of the subject child to Forestdale, Inc., and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that on the Court's own motion, the notice of appeal from the order of fact-finding dated June 21, 2022, is deemed to be a premature notice of appeal from the order of disposition dated July 12, 2022 (see CPLR 5520[c]); and it is further,
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The petitioner commenced this proceeding to terminate the mother's parental rights to the subject child, who was born in December 2016, and was removed from the mother's care in March 2017. After fact-finding and dispositional hearings, the Family Court determined that the mother permanently neglected the child, terminated her parental rights, and transferred custody and guardianship of the child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The mother appeals.
Contrary to the mother's contention, the petitioner established, by clear and convincing evidence, that the mother permanently neglected the child (see Social Services Law § 384-b[7][a]), and that it exercised diligent efforts to strengthen the parent-child relationship. Those efforts included developing an appropriate service plan that included mental health services, substance abuse counseling, parenting classes, parental access, random drug screens and parental access coaching; scheduling in-person and virtual parental access between the mother and the child; suggesting a parental access coach to help improve the quality of the mother's parental access with [*2]the child; referring the mother to dialectical behavior therapy; and referring the mother for random drug screens. Despite those efforts, the mother failed to plan for the return of the child, as she did not complete all of the required services and failed to gain any insight from those she did complete (see Matter of Ricardo T., Jr. [Ricardo T., Sr.], 191 AD3d 890; Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d 730; Matter of Alfonso J.C. [Jamie A.], 188 AD3d 1196, 1197).
Accordingly, the Family Court properly determined that the mother permanently neglected the child (see Matter of Ricardo T., Jr. [Ricardo T., Sr.], 191 AD3d 890; Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d 730; Matter of Alfonso J.C. [Jamie A.], 188 AD3d at 1197).
The evidence adduced at the dispositional hearing established that termination of the mother's parental rights was in the child's best interests (see Matter of Malazah W. [Antoinette W.], 206 AD3d 1003, 1005; Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d at 731). Contrary to the mother's contention, a suspended judgment would not be in the best interests of the child, as such a disposition would "only prolong the delay of stability and permanenc[y]" in the child's life (Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d at 732; see Matter of Malazah W. [Antoinette W.], 206 AD3d at 1005).
While the mother correctly contends that the Family Court improperly admitted portions of the progress notes marked as the petitioner's Exhibit 7 into evidence, since there was a sound and substantial basis in the record for the court's determination without consideration of those progress notes, the error was harmless (see Matter of Flores v Mark, 107 AD3d 796, 798; Matter of Tercjak v Tercjak, 49 AD3d 772, 773).
DILLON, J.P., MILLER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court