■   In the Matter of the Foster Care Status of ROXANNE F. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant; REUVEN SIMONS, Intervenor-Respondent; LITTLE FLOWER CHILDREN'S SERVICES, Respondent.—Order, Family Court, New York County, entered on June 9, 1980, granting intervenor-respondent's motion to intervene, unanimously reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the motion denied. Roxanne F. was born in September, 1967, to a racially mixed family where the religion of the father was Catholic and that of the mother, Jewish. Several years later, this child was baptized into the faith of the father. When Roxanne was 10 years old, her mother voluntarily relinquished all parental rights and at the same time executed a form indicating that Roxanne be placed for adoption without regard to religious preference. Thereafter, the parental rights of Roxanne's father were terminated on the grounds of abandonment. The child was freed for adoption and Little Flower Children's Services was named as custodian of the child. Placements in two foster homes and two preadoptive homes failed because of Roxanne's behavioral problems. During subsequent treatment, the intervenor-respondent, Rabbi Simons, was introduced to the child and later developed an increasing interest in Roxanne's plight. Thereafter, an organization, of which Rabbi Simons was president, obtained an order to show cause seeking, *inter alia,* to have Roxanne placed in the home of a Jewish family. The Commissioner of Social Services of the City of New York, petitioner-appellant, commenced

the instant proceeding pursuant to section 392 of the Social Services Law, seeking authorization to continue Roxanne in foster care. In these proceedings a Law Guardian for the child was appointed. Rabbi Simons then submitted an application to intervene, which was later granted and now forms the subject of this appeal. The applicable statute provides that the right to intervene in a foster care review proceeding is purely a discretionary matter for the court (Social Services Law, § 392, subd [4], par [f]). Under the facts and circumstances of this proceeding, where the intervenor has no legally protected interest in, or relationship to the child, the court erred in permitting the requested intervention. The intervenor is unrelated to the child involved in this proceeding and is neither a past, present or prospective foster parent. The intervenor is neither the child's guardian nor her guardian ad litem. The best interests of Roxanne will be fostered by continuing these proceedings with the rights of the child being protected by the previously appointed Law Guardian and the two agencies to which Roxanne's well-being has been entrusted. No cogent reason has been presented to require the intervention of one who is not even arguably linked to this proceeding. No matter how well intentioned the intervenor-respondent may be, the granting of his application to intervene was an abuse of discretion by the Trial Judge. Concur—Kupferman, J. P., Sandler, Ross, Silverman and Carro, JJ.