■ In the Matter of GEORGE "JOEY" S. JOEL PERALTA et al., Appellants; CITY OF NEW YORK DEPARTMENT OF SOCIAL SERVICES, Respondent. [598 NYS2d 229] —Order of the Family Court, New York County (Jeffry H. Gallet, J.), entered June 19, 1992, which denied a motion to intervene in this foster care review proceeding pursuant to Social Services Law § 392 (4) (g) brought by the infant's former foster parents, unanimously affirmed, without costs.

Shortly after his birth in 1986, George "Joey" S., who suffers from cerebral palsy, was placed in foster care with Joel and Aracelis Peralta. The social worker at the agency supervising the boy's placement in foster care commented favorably on the love and care provided by the Peraltas to Joey. In November 1990, two girls who had also been placed in foster care with the Peraltas were removed from the home pending

an investigation into allegations of abuse made in regard to those children, allegations which the Peraltas categorically deny. An indictment obtained in connection with the alleged abuse of the girls was dismissed by Supreme Court in February 1993, and a fair hearing pursuant to Social Services Law § 22 is apparently still pending. In the course of a review of Joey's placement pursuant to Social Services Law § 392, the Commissioner of Social Services ordered Joey removed from the Peraltas' care, and he was subsequently placed with another foster family.

At issue on this appeal is the denial of an application by the Peraltas to intervene in the pending review of Joey's present foster care placement. There is no question that a "fair hearing" is the exclusive vehicle for appealing the Social Services Commissioner's removal of Joey from their care, subject to judicial review pursuant to CPLR article 78 *(see, Matter of Leonora M.,* 104 AD2d 755, 756). Furthermore, it cannot be said that Family Court abused its discretion in denying intervention under circumstances in which the prospective intervenors have "no legally protected interest in, or relationship to the child" *(Matter of Roxanne F.,* 79 AD2d 505, 506, *appeal dismissed* 53 NY2d 674).

However, as a matter of the best interests of the child, this is a situation in which the former foster parents can contribute detailed, material information with respect to the child's physical and emotional needs. The Law Guardian's brief notes that, at a meeting which included various social workers in addition to Joey's present foster mother and United Cerebral Palsy personnel, it was concluded that his present placement is "inappropriate" except as a temporary expedient. Specifically mentioned as cause for concern were "a decline in Joey's hygiene and general appearance", "increased anxiety, disorientation, insecurity and decreased self-regard and caution", as well as decreased consumption of food and "weight loss".

While the Peraltas have no statutory right to intervene in the proceedings, as his guardians virtually since Joey's birth, they are uniquely qualified to give relevant testimony regarding his care and well-being. In view of the Law Guardian's professed "need to zealously adhere to an independent posture" which "precludes her from calling the Peraltas as witnesses or presenting their evidence", Family Court, in the exercise of its discretion, may, if it deems it advisable, call them to appear *amicus curiae,* limiting testimony to the issues before it. Concur—Sullivan, J. P., Milonas, Kassal and Rubin, JJ.