■ In the Matter of BRANDON A., an Infant. Jo ANN M., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [855 NYS2d 457]—

Order, Family Court, Bronx County (Clark V. Richardson, J.), entered on or about June 6, 2006, which, to the extent appealed from as limited by the briefs, denied the motion of the subject child's former foster parent to intervene in the permanency hearings, unanimously affirmed, without costs. Order, same court and Judge, entered on or about October 17, 2006, which, after a hearing, determined that it was in the child's best interests not to be returned to the movant's care, unanimously affirmed, without costs. Order, same court and Judge, entered on or about November 14, 2006, which, to the extent appealed from as limited by the briefs, denied a further motion for visitation and to adopt the child, unanimously affirmed, without costs.

Family Court providently exercised its discretion in denying the nonkinship former foster mother's motion to intervene in the permanency hearings (*see Matter of George "Joey" S.*, 194 AD2d 328 [1993]). Since the movant was not the child's foster parent at the time of the hearings and had not lived with him for a continuous period of more than 12 months, she was not entitled to intervene as of right in any of the custody proceedings pursuant to Social Services Law § 383 (3) (*see e.g. Matter of Bessette v Saratoga County Commr. of Social Servs.*, 209 AD2d 838 [1994]; *Matter of Minella v Amhrein*, 131 AD2d 578 [1987]), nor was she entitled to be a party at the permanency hearing (*see* Family Ct Act § 1089 [b] [2]). The movant was not entitled to intervene as of right pursuant to CPLR 1012 (a) (2) because she was not legally bound by any judgment in the custody proceeding (*see e.g. Matter of Tyrone G. v Fifi N.*, 189 AD2d 8, 17 [1993]).

Family Court had jurisdiction to stay the child's return to the movant's care pending a best interests hearing regarding the changed circumstances and, after the hearing, to determine against such return, even in the face of the fair hearing decision

of the New York State Office of Children and Family Services (*see Matter of Shinice H.*, 194 AD2d 444 [1993]).

The movant had no protected liberty interest in the foster-parent-and-child relationship (*see Rodriguez v McLoughlin*, 214 F3d 328 [2d Cir 2000], *cert denied* 532 US 1051 [2001]; *see also Matter of Roxanne F.*, 79 AD2d 505 [1980], *appeal dismissed* 53 NY2d 674 [1981]), and was accorded all the process she was due, given her notice of the custody hearings and her opportunity to be heard. Her argument that the Family Court improperly found it not in the child's best interests to be returned to her care is not properly before this Court because it was raised for the first time in her reply brief (*see Matter of Deuel v Dalton*, 33 AD3d 1158, 1159 [2006]), and we decline to consider it. Concur—Gonzalez, J.P., Nardelli, Buckley and Catterson, JJ.