In the Matter of Tonjaleah H., an Infant. Erie County Department of Social Services, Respondent; Raymond D., Appellant. [881 NYS2d 255]—

Appeal from an order of the Family Court, Erie County (James H. Dillon, J.), entered March 19, 2008 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father contends that Family Court abused its discretion in terminating his parental rights with respect to his child rather than issuing a suspended judgment. We reject that contention. Petitioner established at the dispositional hearing that the child had no meaningful bond with the father (*see Matter of Lenny R.*, 22 AD3d 240 [2005], *lv denied* 6 NY3d 708 [2006]; *Matter of Jason J.*, 283 AD2d 982 [2001]), and that the father could not provide structure for his child, who has special needs. Petitioner also established that the father failed to attend a court-ordered domestic violence program (*see Matter of Melissa DD.*, 45 AD3d 1219, 1220-1221 [2007], *lv denied* 10 NY3d 701 [2008]), and that he continued to use crack cocaine. We thus conclude that the court properly determined that a suspended judgment would not be in the best interests of the child (*see Matter of Donovan W.*, 56 AD3d 1279 [2008], *lv denied* 11 NY3d 716 [2009]; *Matter of Ty'Keith R.*, 45 AD3d 1397 [2007], *lv denied* 10 NY3d 701 [2008]). The father further contends that the court did not have an adequate opportunity to consider the wishes of the child because the court did not conduct an in camera interview with the child, and the Law Guardian did not meet with her to ascertain her wishes (*see Matter of Alyshia M.R.*, 53 AD3d 1060, 1061 [2008], *lv denied* 11 NY3d 707 [2008]). The father failed to preserve that contention for our review and, in any event, that contention is without merit. In view of the child's young age and the evidence before the court, an in camera interview with the child would not have assisted the court in any meaningful way (*cf. Matter of Cassandra JJ.*, 284 AD2d 619, 621 [2001]). In addition, the Law Guardian indicated that staff from his office had met with the child and determined that she had no interest in additional contact with the father. We have considered the father's remaining contention and conclude that it is without merit. Present—Smith, J.P., Centra, Peradotto, Green and Gorski, JJ.