■ In the Matter of KAYLA S.-G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAVID G., Appellant. [4 NYS3d 289]—

Appeal from an order of fact-finding and disposition of the Family Court, Suffolk County (David Freundlich, J.), dated October 31, 2013. The order, insofar as appealed from, after fact-finding and dispositional hearings, found that the father permanently neglected the subject child, terminated his parental rights, and transferred guardianship and custody of the child to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

The Suffolk County Department of Social Services com-

menced this proceeding pursuant to Social Services Law § 384-b. After fact-finding and dispositional hearings, the Family Court determined that the father had permanently neglected the subject child, terminated his parental rights, and transferred guardianship and custody of the child to the Suffolk County Department of Social Services for the purpose of adoption. The father appeals.

The Family Court correctly determined that the petitioner demonstrated by clear and convincing evidence that it had "exercised diligent efforts to strengthen the parental relationship" (*Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *see Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d 422, 429 [2012]; *Matter of Michael B.*, 80 NY2d 299, 309 [1992]) and that the father's partial and belated compliance with the service plan provided by the agency was insufficient to preclude a finding of permanent neglect (*see Matter of Tarmara F.J. [Jaineen J.]*, 108 AD3d 543, 544 [2013]; *Matter of Jewels E.R. [Julien R.]*, 104 AD3d 773, 774 [2013]; *Matter of Hadiyyah J.M. [Fatima D.R.]*, 91 AD3d 874, 875 [2012]; *Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087, 1087-1088 [2011]). In any event, the record did not establish that the father had taken steps to correct the conditions that led to the removal of the child from his home (*see Matter of Nathaniel T.*, 67 NY2d 838, 840 [1986]; *Matter of Zechariah J. [Valrick J.]*, 84 AD3d at 1087-1088; *Matter of Jonathan B. [Linda S.]*, 84 AD3d 1078, 1079 [2011]; *Matter of Jennifer R.*, 29 AD3d 1005, 1006 [2006]).

Likewise, the Family Court's determination that it was in the child's best interests to terminate the father's parental rights and free the child for adoption by her foster parents is supported by a preponderance of the evidence (*see Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d at 430; *Matter of Star Leslie W.*, 63 NY2d at 147-148; *Matter of Adams v Administration for Children's Services-Queens*, 122 AD3d 840 [2014]; *Matter of Jordan E.G.L. [Christina D.L.]*, 108 AD3d 546, 547 [2013]). Contrary to the father's contention, a suspended judgment was not warranted, despite the father's recent progress and efforts to avail himself of the services offered to him, because the child has bonded with the foster parents, who have consistently provided for her special needs (*see Matter of Jesse D. [John J.D.]*, 109 AD3d 990, 991 [2013]; *Matter of Jalil U. [Rachel L.-U.]*, 103 AD3d 658, 659 [2013]; *see also Matter of Mahaadai D.H. [Rhonda L.H.]*, 110 AD3d 878, 879 [2013]).

The father's remaining contention is unpreserved for appellate review (*see Fresh Pond Rd. Assoc. v Estate of Schacht*, 120 AD2d 561 [1986]; *Matter of Cohn*, 46 AD3d 680, 681 [2007])

and, in any event, without merit (*see* Family Ct Act §§ 262 [a] [iv]; 1089 [b] [2]; *Matter of Amanda G.*, 64 AD3d 595, 596 [2009]; *see also Matter of George "Joey" S.*, 194 AD2d 328, 329 [1993]). Rivera, J.P., Austin, Roman and Barros, JJ., concur.