◼ In the Matter of AALIYAH L.C., SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent;. JAMIE A., Appellant et al., Respondent. [11 NYS3d 178]—

Appeals from (1) an order of fact-finding and disposition of the Family Court, Suffolk County (David Freundlich, J.), dated February 4, 2014, and (2) an amended order of fact-finding and disposition of that court dated March 18, 2014. The order of fact-finding and disposition, after fact-finding and dispositional hearings, found that the father had permanently neglected the subject child, terminated his parental rights, and transferred guardianship and custody of the subject child to the maternal great-grandmother for the purpose of adoption. The amended order of fact-finding and disposition, insofar as appealed from, made the same findings of fact and disposition as the order of fact-finding and disposition.

Ordered that the appeal from the order of fact-finding and disposition is dismissed, without costs and disbursements, as that order was superseded by the amended order of fact-finding and disposition; and it is further,

Ordered that the amended order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

The Family Court properly found that the father had permanently neglected the subject child. The petitioner proved by clear and convincing evidence that it had fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7] [a]; *Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d 422, 429 [2012]; *Matter of Sheila G.*, 61 NY2d 368, 373 [1984]; *Matter of Joshua E.R. [Yolaine R.]*, 123 AD3d 723 [2014]). The agency proved that, despite those efforts, the father had permanently neglected the child (*see* Social Services Law § 384-b [7] [a]) by failing, for a period of more than one year following the date the child came into the care of the agency, to substantially and continuously maintain contact with the child or plan for the child's future, although physically and financially able to do so (*see Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d at 429). The father failed to take steps to correct the conditions that led to the child's removal from the home (*see Matter of Egypt A.A.G. [Kimble G.]*, 108 AD3d 533 [2013]; *Matter of David O.C.*, 57 AD3d 775 [2008]).

The Family Court also properly terminated the father's parental rights. The evidence adduced at the dispositional hearing established that termination of the father's parental rights was in the best interests of the child. A suspended judgment was not appropriate, given the father's lack of insight into his problems and his failure to address the primary issues which led to the child's removal (*see Matter of Justice C. [Wanda C.]*, 124 AD3d 885 [2015]; *Matter of Chanel C. [Vanessa N.]*, 118 AD3d 826, 828 [2014]; *Matter of Christopher T. [Margarita V.]*, 94 AD3d 900 [2012]). Dillon, J.P., Dickerson, Roman and LaSalle, JJ., concur.