■ In the Matter of "No Given Name" P., Also Known as Akiel P. Catholic Guardian Services, Respondent; Tammy P., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of Hadiyah N.P. Catholic Guardian Services, Respondent; Tammy P., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of Isaiah X.P. Catholic Guardian Services, Respondent; Tammy P., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of Zuri A.O.P. Catholic Guardian Services, Respondent; Tammy P., Appellant, et al., Respondent. (Proceeding No. 4.) [28 NYS3d 328]—

Appeals from three orders of fact-finding and disposition of the Family Court, Queens County (Mary R. O'Donoghue, J.) (one as to each child), all dated November 21, 2014, and a corrected order of fact-finding and disposition of that court dated November 28, 2014. The orders, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject children, terminated her parental rights, and transferred guardianship and custody of the subject children to the petitioner Catholic Guardian Services and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the orders and corrected order are affirmed insofar as appealed from, without costs or disbursements.

The petitioner commenced these proceedings, inter alia, to terminate the mother's parental rights to the subject children on the ground of permanent neglect. After fact-finding and dispositional hearings, the Family Court found that the mother permanently neglected the children, terminated her parental rights, and transferred guardianship and custody of the children to the petitioner and the Commissioner of Social Services

of the City of New York for the purpose of adoption. The mother appeals.

Contrary to the mother's contention, the Family Court properly found that the petitioner made diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b [7] [a]; Matter of Jeremy J.M. [Brandy T.], 118 AD3d 796 [2014]; Matter of Kira J. [Lakisha J.], 108 AD3d 541 [2013]), and that despite the petitioner's diligent efforts, the mother failed to adequately plan for the subject children's future (see Social Services Law § 384-b [7] [c]; Matter of Davina R.M.R.L. [Jennifer A.], 123 AD3d 1126 [2014]; Matter of Kira J. [Lakisha J.], 108 AD3d 541 [2013]; Matter of Shamika K.L.N. [Melvin S.L.], 101 AD3d 729, 731 [2012]).

The Family Court also properly terminated the mother's parental rights. The evidence adduced at the dispositional hearing established that termination of the mother's parental rights was in the best interests of the children (see Matter of Anastasia R. [Jessica R.], 133 AD3d 605 [2015]). A suspended judgment was not appropriate given the mother's lack of insight into her problems and her failure to acknowledge and address the issues preventing the children's return to her care (see Matter of Aaliyah L.C. [Jamie A.], 128 AD3d 955 [2015]; Matter of Shamika K.L.N. [Melvin S.L.], 101 AD3d at 731; Matter of Zechariah J. [Valrick J.], 84 AD3d 1087, 1088 [2011]).

The mother's remaining contention is without merit. Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.