■ In the Matter of ALYSA R.S., Also Known as ALYSA S. CHILDREN's AID SOCIETY, Respondent; MARIE R.S., Also Known as MARIE S. and Others, Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of JOSEPH M.S., Also Known as JOSEPH S. CHILDREN's AID SOCIETY, Respondent; MARIE R.S., Also Known as MARIE S. and Others, Appellant, et al., Respondent. (Proceeding No. 2.) [35 NYS3d 260]—

Appeals from two orders of fact-finding and disposition of the Family Court, Richmond County (Arnold Lim, J.) (one as to each child), both dated August 3, 2015. The orders, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject children, terminated her parental rights, and transferred guardianship and custody of the subject children to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.

The petitioner commenced these proceedings, inter alia, to terminate the mother's parental rights to the subject children on the ground of permanent neglect. After fact-finding and dispositional hearings, the Family Court found that the mother permanently neglected the subject children, terminated her parental rights, and transferred guardianship and custody of the children to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The mother appeals.

Contrary to the mother's contention, the Family Court properly found that the petitioner established by clear and convincing evidence that it made diligent efforts to reunite the mother with the subject children by providing referrals for services and other assistance to the mother (*see* Social Services Law § 384-b [7]; *Matter of Elijah M.A. [Mohammed A.]*, 135 AD3d 744, 746 [2016]; *Matter of Aminata M.S.-L. [Doris L.]*, 128 AD3d 707, 708 [2015]; *Matter of Kira J. [Lakisha J.]*, 108

AD3d 541 [2013]; *Matter of Kevin L. [Jose L.L.]*, 102 AD3d 695 [2013]), and that despite the petitioner's diligent efforts, the mother failed to adequately plan for the children's future by taking steps to correct the conditions that led to the children's removal from the home and to gain insight into her previous behavior and the need for services (*see Matter of Janaesha J.E. [Monasha A.B.]*, 137 AD3d 908, 909 [2016]; *Matter of Devon D.T. [Davina T.]*, 135 AD3d 947 [2016]; *Matter of Tsulyn R.A. [Deborah A.]*, 135 AD3d 935, 935 [2016]; *Matter of Aaliyah L.C. [Jamie A.]*, 128 AD3d 955, 956 [2015]). We reject the mother's contention that the court improvidently exercised its discretion in declining to conduct in camera interviews with the children (*see* Social Services Law § 384-b [3] [k]; *Matter of Samuel DD. [Margaret DD.]*, 123 AD3d 1159, 1163 [2014]; *Matter of Georges P. [Yvelisse A.]*, 103 AD3d 570 [2013]; *Matter of Tonjaleah H.*, 63 AD3d 1611, 1612 [2009]; *Matter of Shawna U.*, 277 AD2d 731, 734 [2000]).

The Family Court also properly terminated the mother's parental rights because the evidence adduced at the dispositional hearing established that termination of the mother's parental rights was in the best interests of the children (*see Matter of No Given Name P. [Tammy P.]*, 138 AD3d 863, 864 [2016]; *Matter of Aaliyah L.C. [Jamie A.]*, 128 AD3d at 956).

The mother's remaining contentions are without merit. Chambers, J.P., Austin, Maltese and Duffy, JJ., concur.