Appeal by the mother from an order of fact-finding and disposition of the Family Court, Queens County (Joan Piccirillo, J.), dated June 3, 2016. The order, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated the mother’s parental rights, and transferred custody and guardianship of the child to the petitioner and the Commissioner of the Administration for Children’s Services of the City of New York for the purpose of adoption.
 

 Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.
 

 The petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother’s parental rights to the subject child on the ground of permanent neglect. After fact-finding and dispositional hearings, the Family Court found that the mother permanently neglected the child, terminated her parental rights, and transferred custody and guardianship of the child to the petitioner and the Commissioner of the Administration for Children’s Services of the City of New York for the purpose of adoption. The mother appeals.
 

 Contrary to the mother’s contention, the Family Court properly found that she permanently neglected the child. The petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the mother’s relationship with the child. These efforts included, among other things, facilitating regular visitation between the mother and the child, providing transportation assistance to and from services and visits, regularly meeting with the mother to encourage her to comply with her service plan and successfully complete it, and referring the mother to substance abuse treatment, random drug screenings, parenting skills courses, and a mental health evaluation (see Social Services Law § 384-b [7] [f]; Matter of Amonte M. [Mary M.], 112 AD3d 937, 938 [2013]; Matter of Corey S. [Angel S.], 112 AD3d 641, 642 [2013]; Matter of Tarmara F.J. [Jaineen J.], 108 AD3d 543, 543 [2013]; Matter of Jewels E.R. [Julien R.], 104 AD3d 773, 773 [2013]; Matter of Darrnell G. [Robin Denise H.], 88 AD3d 789, 790 [2011]). Despite these efforts, the mother failed to plan for the future of the child (see Social Services Law § 384-b [7] [c]). The mother lacked insight into the reasons for removing the child from her care, and she failed to benefit from the services offered to her (see Matter of Alysa R.S. [Marie R.S.], 141 AD3d 532, 532-533 [2016]; Matter of Janaesha J.E. [Monasha A.B.], 137 AD3d 908, 909 [2016]; Matter of Kira J. [Lakisha J.], 108 AD3d 541 [2013]).
 

 Furthermore, the Family Court properly determined that it was in the best interests of the child to terminate the mother’s parental rights (see Matter of Anthony R. [Juliann A.], 90 AD3d 1055 [2011]; Matter of Zechariah J. [Valrick J.], 84 AD3d 1087 [2011]; Matter of Teshana Tracey T. [Janet T.], 71 AD3d 1032 [2010]; Matter of Desire Star H., 202 AD2d 582, 584 [1994]). Termination of parental rights will free the child for adoption, providing him with the opportunity to have a permanent family (see Matter of Michael B., 80 NY2d 299 [1992]; Matter of Zechariah J. [Valrick J.], 84 AD3d at 1088).
 

 The mother’s remaining contentions are not properly before this Court.
 

 Leventhal, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.