Matter of Amaray B. ( (Elizabeth J.) (2020 NY Slip Op 00585)





Matter of Amaray B. ( (Elizabeth J.)


2020 NY Slip Op 00585


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2019-00929
 (Docket No. N-4785-14)

[*1]In the Matter of Amaray B. (Anonymous). Suffolk County Department of Social Services, appellant; Elizabeth J. (Anonymous), respondent.


Dennis M. Brown, County Attorney, Central Islip, NY (James G. Bernet of counsel), for appellant.
Glenn Gucciardo, Northport, NY, for respondent.
Michael E. Repole, Smithtown, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Suffolk County (Chris Ann Kelley, J.), dated January 7, 2019. The order, insofar as appealed from, directed the petitioner to pay for transportation for the mother to have parental access with the subject child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In this child neglect proceeding commenced by the petitioner, Suffolk County Department of Social Services (hereinafter DSS), DSS contends that the Family Court lacked the authority to direct it to pay for transportation for the mother to have parental access with the subject child.
Social Services Law § 384-b(7)(f)(2) provides that "diligent efforts" includes making suitable arrangements for the parents to visit the child. DSS regulations provide that DSS must plan for and make efforts to facilitate parental access, and those efforts must include the provision of financial assistance, transportation, or other assistance necessary to enable parental access to occur (see 18 NYCRR 430.12[d][1][i][a]; Matter of Isiah M. [Teresa M.], 158 AD3d 688; Matter of Ke'von K.C. [Lisette M.C.], 154 AD3d 847). Thus, the regulations permit the Family Court to direct DSS to provide financial assistance in order to facilitate parental access. Under the circumstances of this case, where DSS petitioned for the out-of-state placement of the child and agreed to monthly parental access if the mother was clean of drugs and in a treatment program, the court had the authority to direct that DSS pay for the cost of transportation to facilitate the mother's parental access with the child.
DSS's contentions that the Family Court's authority to direct DSS to provide services is limited to the services included in the comprehensive annual services plan and that the parental [*2]access schedule was not in the best interests of the child are not properly before us on this appeal.
RIVERA, J.P., BALKIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court