Matter of Jayda M.L. (Diane L.) (2020 NY Slip Op 02472)





Matter of Jayda M.L. (Diane L.)


2020 NY Slip Op 02472


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2019-07698
2020-02300
2020-02302
 (Docket Nos. B-25420-17, B-25421-17, B-25422-17)

[*1]In the Matter of Jayda M. L. (Anonymous). SCO Family of Services, petitioner-respondent; Diane L. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Kenneth L. E. (Anonymous). SCO Family of Services, petitioner-respondent; Diane L. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)
In the Matter of Sanayah D. L. (Anonymous). SCO Family of Services, petitioner-respondent; Diane L. (Anonymous), appellant, et al., respondent. (Proceeding No. 3)


Lauri Gennusa, Jamaica, NY, for appellant.
Leventhal Mullaney & Blinkoff LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for petitioner-respondent.
Heath J. Goldstein, Jamaica, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from three orders of fact-finding and disposition (one as to each child) of the Family Court, Queens County (Mildred T. Negron, J.), dated June 19, 2019. The orders of fact-finding and disposition, insofar as appealed from, upon a decision of the same court dated May 22, 2019, made after fact-finding and dispositional hearings, found that the mother permanently neglected the subject children, terminated her parental rights, and transferred custody and guardianship of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The notice of appeal from the decision is deemed to be a notice of appeal from the orders of fact-finding and disposition (see CPLR 5512[a]).
ORDERED that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these proceedings, inter alia, to terminate the mother's parental rights with respect to the subject children on the ground of permanent neglect. After fact-[*2]finding and dispositional hearings, the Family Court found, inter alia, that the mother permanently neglected the children, terminated her parental rights, and transferred guardianship and custody of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
We agree with the Family Court's finding that the petitioner made diligent efforts to encourage and strengthen the parental relationship by creating a service plan for her, which included submitting to a mental health evaluation and complying with recommendations, completing a parenting skills program for special needs children, finding appropriate housing, and maintaining consistent visitation with the children (see Social Services Law § 384-b[7]; Matter of Ankhenaten Amen-Ra C. [Adanna J.C.], 170 AD3d 998; Matter of No Given Name P. [Tammy P.], 138 AD3d 863; Matter of Mercedes, R.B. [Heather C.], 130 AD3d 1022; Matter of Angel M.R.J. [Rachel R.], 124 AD3d 657; Matter of Dianelys T.W. [Malik W.], 121 AD3d 801). We also agree with the court's finding that despite these efforts, the mother failed to adequately plan for the children's future (see Social Services Law § 384-b [7][a]). The mother failed to benefit from the services offered to her (see Matter of Ke'von K.C. [Lisette M.C.], 154 AD3d 847; Matter of Alysa R.S. [Marie R.S.], 141 AD3d 532), failed to obtain appropriate housing, and failed to maintain consistent and appropriate visitation with the children (see Matter of Vaughn M.S. [Patricia C.S.], 144 AD3d 811). Although the mother submitted to a mental health evaluation and began therapy less than one year before the filing of the subject petitions, partial compliance with the service plan is insufficient to preclude a finding of permanent neglect (see Matter of Mercedes R.B. [Heather C.], 130 AD3d 1022; Matter of Kayla S.-G. [David G.], 125 AD3d 980; Matter of Tarmara F.J. [Jaineen J.], 108 AD3d 543).
We further agree with the Family Court's determination terminating the mother's parental rights. The evidence adduced at the dispositional hearing established that termination of the mother's parental rights was in the children's best interests (see Matter of No Given Name P. [Tammy P.], 138 AD3d 863; Matter of Mercedes R.B. [Heather C.], 130 AD3d 1022; Matter of Tarmara F.J. [Jaineen J.], 108 AD3d 543). A suspended judgment was not appropriate given the mother's lack of insight into her problems and her failure to acknowledge and address the issues preventing the children's return to her care (see Matter of No Given Name [Tammy P.], 138 AD3d 863; Matter of Aaliyah L.C. [Jamie A.], 128 AD3d 955).
The mother's remaining contentions are without merit.
BALKIN, J.P., DUFFY, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court