Matter of Davon K. W. (Lissette N. C.) (2020 NY Slip Op 05514)





Matter of Davon K. W. (Lissette N. C.)


2020 NY Slip Op 05514


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2019-06500
2019-06503
 (Docket Nos. B-6610-17, B-6611-17)

[*1]In the Matter of Davon K. W. (Anonymous). Little Flower Children and Family Services of New York, petitioner-respondent Lissette N. C. (Anonymous), appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Sariah L. R.. (Anonymous). Little Flower Children and Family Services of New York, petitioner-respondent; Lissette N. C. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)


Robin Stone Einbinder, Jamaica, NY, for appellant.
Carrieri & Carrieri, P.C., St. James, NY (Ralph R. Carrieri of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from two orders of fact-finding and disposition of the Family Court, Queens County (Joan L. Piccirillo, J.) (one as to each child), each dated May 22, 2019. The orders of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject children, terminated the mother's parental rights, and transferred guardianship and custody of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are affirmed, without costs or disbursements.
The petitioner commenced these related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect. Among other things, the petitions allege that despite the petitioner's efforts to strengthen the mother's parental relationship with the children, the mother failed to consistently visit with the children, and, in effect, failed to [*2]consistently engage or complete her service plan. Following a fact-finding hearing and a subsequent dispositional hearing, the Family Court terminated the mother's parental rights and freed the children for adoption. The mother contends that the court, rather than terminating her parental rights, should have granted her request for a suspended judgment.
At the dispositional stage of a proceeding to terminate parental rights, the court focuses solely on the best interests of the children (see Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147). There is no presumption that those interests will be served best by a return to the biological parent (see Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d at 147-148). The court may: (1) dismiss the petition if the allegations are not established; (2) suspend judgment for up to one year; or (3) terminate parental rights, freeing the child for adoption (see Family Ct Act §§ 631, 633[b]; Social Services Law § 384-b[8][f]). "Since custody determinations turn in large part on assessments of the credibility, character, temperament and sincerity of the parties, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Jade D.S.M.A.S. [Sakina S.O.A.S], 140 AD3d 1077, 1077 [internal quotation marks omitted]; see Matter of Jason A. [Maritza L.G.], 177 AD3d 968, 969).
A dispositional order suspending judgment provides a brief grace period to give a parent found to have engaged in conduct justifying terminating his or her parental rights a second chance to prepare for reunification with the children (see Family Ct Act § 633; Matter of Michael B., 80 NY2d 299, 311; Matter of Adam M.D. [Victoria M.C.], 170 AD3d 1006, 1007). A suspended judgment, however, is permitted only where the court determines that such disposition is in the children's best interests (see Family Court Act § 631; Matter of Adam M.D. [Victoria M.C.], 170 AD3d at 1007; Matter of Chanel C. [Vanessa N.], 118 AD3d 826, 828). Consequently, where the best interests of the children require termination of parental rights, a suspended judgment may not be entered (see Matter of Jesse D. [John J.D.], 109 AD3d 990, 990-991; Matter of Jalil U. [Rachel L.-U.], 103 AD3d 658, 660-661).
Here, we agree with the Family Court's determination that terminating the mother's parental rights and freeing the subject children for adoption by the foster family was in the children's best interests (see Family Ct Act § 631). Contrary to the mother's contention, a suspended judgment was not appropriate in light of her failure to consistently visit with the children (see Matter of Quadir C.B. [Emmanuel D.], 166 AD3d 968, 969; Matter of Chanel C. [Vanessa N.], 118 AD3d at 827), and her failure to consistently attend therapy addressing the mental health issues that had led to the children's removal in the first place (see Matter of Gabriel M.I. [Steven M.I.], 160 AD3d 858, 859; Matter of Joshua E.R. [Yolaine R.], 123 AD3d 723, 726). In addition, the mother failed to benefit from those portions of the service plan that she had completed, in particular, a parenting class that taught methods for appropriately disciplining children, as evidenced during her supervised visits (see Matter of Jayda M.L. [Diane L.], 182 AD3d 601, 602; Matter of Ke'von K.C. [Lisette M.C.], 154 AD3d 847, 848). Furthermore, notwithstanding the mother's recent progress and improvements with respect to keeping her scheduled visits with the children, as well as attending her scheduled therapy sessions, termination of her parental rights was not precluded given the strong bond between the children and the foster family, in whose care the children are well provided for and are thriving (see Matter of Kayla S.-G., [David G.], 125 AD3d 980, 981; Matter of Chanel C. [Vanessa N.], 118 AD3d at 827).
The mother's contention that the maternal aunt's custody petition should have been granted is not properly raised on this appeal, as the order appealed from did not dispose of the aunt's custody petition (see CPLR 5515[1]; Burro v Kang, 167 AD3d 694, 697; Levitt v Levitt, 97 AD3d 543, 545-54 ). Moreover, the mother was not a party to that proceeding, and she was not directly affected by its outcome (see Burro v Kang, 167 AD3d at 697; Weiss v Monaco, 245 AD2d 443, 443).
BALKIN, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court