Matter of Gianna (2021 NY Slip Op 02295)





Matter of Gianna


2021 NY Slip Op 02295


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2019-09612
 (Docket No. A-8939-18)

[*1]In the Matter of Gianna. Perry W. K. (Anonymous), respondent; Andrew R. (Anonymous), appellant.


Rosalie Leslie, White Plains, NY, for appellant.
Andrew W. Szczesniak, White Plains, NY, for respondent.
Thea S. Beaver, Mamaroneck, NY, attorney for the child.



DECISION & ORDER
In an adoption proceeding, the biological father appeals from an order of the Family Court, Westchester County (Gail B. Rice, J.), dated July 8, 2019. The order, after a hearing, determined that the biological father's consent to the adoption of the subject child was not required pursuant to Domestic Relations Law § 111(1)(d).
ORDERED that the order is affirmed, without costs or disbursements.
The mother and the biological father of the subject child were never married. The mother's paramour, who subsequently married the mother and became the child's stepfather (hereinafter the stepfather), filed a petition to adopt the child. The biological father opposed the petition. Following a hearing, the Family Court determined that the biological father's consent was not required for the adoption to proceed. The biological father appeals.
The biological father had the burden of proving that he satisfied the requirements of Domestic Relations Law § 111(1)(d), such that his consent to the adoption of the child was required (see Matter of Ramal M., Jr. [Ramal M.], 172 AD3d 1067, 1069). The biological father failed to establish that he met the threshold requirement of making payments towards the support of the child of a fair and reasonable sum, according to his means. The biological father failed to provide any evidence that he financially supported the child, or that he did not have the means to provide financial support for the child (see Matter of Anthony C.M. III [Anthony C.M.], 141 AD3d 718). Consequently, pursuant to Domestic Relations Law § 111(1)(d), the father's consent to the adoption of the child was not required.
DILLON, J.P., HINDS-RADIX, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court