Matter of Elizabeth E. H. (2021 NY Slip Op 04357)





Matter of Elizabeth E. H.


2021 NY Slip Op 04357


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-14508
 (Docket No. B-4731-19)

[*1]In the Matter of Elizabeth E. H. (Anonymous). Forestdale, Inc., respondent; Camille M. M. (Anonymous), et al., appellants.


Amy J. Barrett, New York, NY, for appellant Camille M. M.
Jill M. Zuccardy, New York, NY, for appellant Duane D. H.
Rosin Steinhagen Mendel, PLLC, New York, NY (Marion C. Perry of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother and the father separately appeal from an order of fact-finding and disposition of the Family Court, Queens County (Carol A. Stokinger, J.), dated December 4, 2019. The order, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, that the father's consent to the adoption of the subject child was not required, and that the father abandoned the subject child, terminated the mother's and the father's parental rights, and transferred custody and guardianship of the subject child to the petitioner and the Commissioner of the Administration for Children's Services for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate the parental rights of the mother and the father with respect to the subject child. Following fact-finding and dispositional hearings, the Family Court found that the mother permanently neglected the child, that the father's consent to the adoption of the child was not required, and that the father abandoned the child; terminated the mother's and the father's parental rights; and transferred custody and guardianship of the child to the petitioner and the Commissioner of the Administration for Children's Services for the purpose of adoption. The mother and the father separately appeal.
A biological father's consent to the adoption of a child who is more than six months old and born out of wedlock is required only if the father "maintained substantial and continuous or repeated contact with the child as manifested by" payment of reasonable child support and either monthly visits or "regular communication" with the child or the child's custodian (Domestic [*2]Relations Law § 111[1][d]; see Matter of John Q. v Erica R., 104 AD3d 1097, 1098; Matter of Asia ZZ. [Henry A.—Jason V.], 97 AD3d 865, 865-866; Matter of Dakiem M. [Demetrius O.—Dakiem N.], 94 AD3d 1362, 1362). Domestic Relations Law § 111(1)(d) imposes a dual requirement upon the biological father, and the father's unexcused failure to satisfy either of these requirements is sufficient to warrant a finding that his consent to adoption is not required (see Matter of Makia R.J. [Michael A.J.], 128 AD3d 1540, 1540; Matter of Asia ZZ. [Henry A.—Jason V.], 97 AD3d at 866). Based upon the evidence in the record, the Family Court properly determined that the father did not maintain substantial and continuous or repeated contact with the child (see Matter of Keyanna AA., 35 AD3d 1079, 1080-1081; Matter of Sergio LL., 269 AD2d 699, 700), and the father's consent to the adoption of the child was not required.
Additionally, the evidence demonstrated that the father had abandoned the child within the meaning of Social Services Law § 384-b. To demonstrate that the father abandoned the child, the petitioner was required to establish, by clear and convincing evidence, that the father "evince[d] an intent to forego his . . . parental rights and obligations" by failing to visit the child or communicate with the child or the petitioner during the six-month period before the petition was filed (id. § 384-b[5][a]; see id. § 384-b[4][b]; Matter of Andrea B., 66 AD3d 770). Here, the petitioner met this burden. The record reveals that during the relevant time, the father did not visit the child or communicate with the child or the petitioner, nor did he provide financial support (see Matter of Jeremiah Kwimea T., 10 AD3d 691, 692).
In addition, the Family Court properly found that the petitioner made diligent efforts to encourage and strengthen the mother's parental relationship by creating a service plan for her, which included completing a parenting skills class, engaging in mental health services, obtaining stable housing and a stable income, and maintaining consistent and appropriate parental access with the child (see Social Services Law § 384-b[7]; Matter of Ankhenaten Amen-Ra C. [Adanna J.C.], 170 AD3d 998; Matter of No Given Name P. [Tammy P.], 138 AD3d 863; Matter of Mercedes R.B. [Heather C.], 130 AD3d 1022; Matter of Angel M.R.J. [Rachel R.], 124 AD3d 657; Matter of Dianelys T.W. [Malik W.], 121 AD3d 801). The court also properly found that despite these efforts, the mother failed to adequately plan for the child's future (see Social Services Law § 384-b[7][a]). The mother failed to benefit from the services offered to her (see Matter of Ke'von K.C. [Lisette M.C.], 154 AD3d 847; Matter of Alysa R.S. [Marie R.S.], 141 AD3d 532), failed to obtain appropriate housing and employment, and too frequently during parental access resorted to yelling, using profanity, and frightening the child (see Matter of Vaughn M.S. [Patricia C.S.], 144 AD3d 811). Although the mother attended therapy, completed a parenting skills class, and attended parental access, her partial compliance with the court-ordered programs was insufficient to preclude a finding of permanent neglect (see Matter of Mercedes R.B. [Heather C.]), 130 AD3d 1022; Matter of Kayla S.-G. [David G.], 125 AD3d 980; Matter of Tamara F.J. [Jaineen J.], 108 AD3d 543).
The Family Court did not err in terminating the father's and the mother's parental rights. The evidence adduced at the dispositional hearing established that termination of the father's and the mother's parental rights was in the child's best interests (see Matter of No Given Name P. [Tammy P.], 138 AD3d 863; Matter of Mercedes R.B. [Heather C.], 130 AD3d 1022; Matter of Tamara F.J. [Jaineen J.], 108 AD3d 543).
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court