Matter of Raniah M. K. (Joma K.) (2021 NY Slip Op 06616)





Matter of Raniah M. K. (Joma K.)


2021 NY Slip Op 06616


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2020-07908
 (Docket No. B-16519-18)

[*1]In the Matter of Raniah M. K. (Anonymous). Little Flower Children and Family Services of New York, petitioner-respondent; Joma K. (Anonymous), appellant, et al., respondent.


Rhea G. Friedman, New York, NY, for appellant.
Ira L. Eras, P.C., Brooklyn, NY, for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of the Family Court, Kings County (Ilana Gruebel, J.), dated October 15, 2020. The order, insofar as appealed from, after fact-finding and dispositional hearings, found that the father's consent to the adoption of the child was not required and that the father permanently neglected the subject child, terminated the father's parental rights, and transferred custody and guardianship of the child to the petitioner and the Commissioner of the Administration for Children's Services for the purpose of adoption.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate the parental rights of the subject child's mother and father. The petitioner also alleged that the father's consent was not required for adoption. Following fact-finding and dispositional hearings, the Family Court found that the mother and father each permanently neglected the child, and that the father's consent to the adoption of the child was not required. The court terminated the mother's and the father's parental rights and transferred custody and guardianship of the child to the petitioner and the Commissioner of the Administration for Children's Services for the purpose of adoption. The father appeals.
"A biological father's consent to adopt a child over six months old who was born out of wedlock is required only if the father 'maintained substantial and continuous or repeated contact with the child as manifested by' payment of reasonable child support and either monthly visitation or 'regular communication' with the subject child[ ] or custodian" (Matter of Mikai R. [Ralph R.], 166 AD3d 624, 624, quoting Domestic Relations Law § 111[1][d]; see Matter of Floyd J.B. [Floyd B.], 172 AD3d 1200, 1200). "Domestic Relations Law § 111(1)(d) imposes a dual requirement upon the biological father, and the father's unexcused failure to satisfy either of these requirements is [*2]sufficient to warrant a finding that his consent to the proposed adoption[ ] is not required" (Matter of Mikai R. [Ralph R.], 166 AD3d at 624; see Matter of J'Adore [Everald E.—Devon F.], 188 AD3d 1059, 1060).
Here, the Family Court properly determined that the father, by failing to financially support the child, despite having the means to do so, did not maintain substantial and continuous or repeated contact with the child in accordance with Domestic Relations Law § 111(1)(d) (see Matter of Ramal M., Jr. [Ramal M.], 172 AD3d 1067, 1069; Matter of Mikai R. [Ralph R.], 166 AD3d at 624). Therefore, the court properly found that the father's consent to the adoption of the child was not required (see Matter of Gianna [Perry W.K.—Andrew R.], 193 AD3d 858, 859). Contrary to the father's contention, he was not excused from paying financial support on the ground that the petitioner had not instructed him to do so (see Matter of Floyd J.B. [Floyd B.], 172 AD3d at 1201; Matter of Daiyah D.F.F. [Darren S.], 163 AD3d 666, 667).
Additionally, contrary to the father's contention, the petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the father and the child (see Social Services Law § 384-b[7]; Matter of Elizabeth E.H. [Camille M.M.], 196 AD3d 578, 580; Matter of Ricardo T., Jr. [Ricardo T., Sr.], 191 AD3d 890, 891). The evidence adduced at the fact-finding hearing established that the petitioner's caseworker made appropriate referrals to programs addressing substance abuse and anger management, as well as a parental skills class, made referrals to the agency's housing specialist to aid the father in obtaining adequate housing, and scheduled and facilitated parental access. Despite these diligent efforts, the father failed to plan for the child's future (see Social Services Law § 384-b[7][a]). Accordingly, the Family Court properly found that the father permanently neglected the child (see Matter of Elizabeth E.H. [Camille M.M.], 196 AD3d at 580; Matter of Imani L.J. [Shaunta J.], 166 AD3d 616, 617).
AUSTIN, J.P., MILLER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court