Matter of Statini v Reed (2022 NY Slip Op 04304)

Matter of Statini v Reed

2022 NY Slip Op 04304

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.

2021-07196
 (Docket Nos. V-3192-12/20A, V-3192-12/21B, A-3196-20)

[*1]In the Matter of Daniel J. Statini, petitioner,
v
Paige A. Reed, respondent. (Proceeding Nos. 1 and 2.).
In the Matter of Maximillian (Anonymous). Paige A. R. (Anonymous), et al., appellants; Daniel J. S. (Anonymous), respondent. (Proceeding No. 3.)

Ronna L. DeLoe, Larchmont, NY, for appellants.
Thomas T. Keating, Dobbs Ferry, NY, for respondent in Proceeding No. 3.
Karen C. Palumbo, Poughkeepsie, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6 and a related adoption proceeding, the mother and Maximino S.-C. appeal from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated September 14, 2021. The order, insofar as appealed from, after a hearing, determined that the father's consent to the adoption of the subject child was required and, in effect, dismissed the adoption petition.
ORDERED that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the adoption petition is reinstated, and the matter is remitted to the Family Court, Dutchess County, for further proceedings consistent herewith on the adoption petition.
At the time of the subject child's birth in February 2012, the mother and the father, who were never married, were not living together. In an order dated January 18, 2013, which was issued while the father was incarcerated, the Family Court awarded sole custody of the child to the mother, denied the father all contact with the child, and authorized the father to seek modification of the order once he was released from prison. The father claims that he was released from prison in February 2017, re-incarcerated for a parole violation in January 2018, released again in January 2019, and arrested on a new charge in September 2019. In July 2020, while the father was incarcerated, he filed a petition for parental access. Thereafter, the mother and her husband, Maximino S.-C., filed a petition to adopt the child, alleging that the father's consent to the adoption was not required, and the father filed a petition to modify the order dated January 18, 2013, so as to award him parental access.
After a hearing on the petitions, the Family Court, inter alia, found that the father had not abandoned the child, determined that the father's consent to the adoption was required, and, in effect, dismissed the adoption petition. The mother and Maximino S.-C. appeal.
Where a child is born out of wedlock, and adoption of the child is sought when the child is more than six months old, Domestic Relations Law § 111(1)(d) provides, in pertinent part, that the consent of the father is required "if such father shall have maintained substantial and continuous or repeated contact with the child as manifested by: (i) the payment by the father toward the support of the child of a fair and reasonable sum, according to the father's means, and either (ii) the father's visiting the child at least monthly when physically and financially able to do so and not prevented from doing so by the person or authorized agency having lawful custody of the child, or (iii) the father's regular communication with the child or with the person or agency having the care or custody of the child, when physically and financially unable to visit the child or prevented from doing so by the person or authorized agency having lawful custody of the child."
Pursuant to Domestic Relations Law § 111(2)(a), a consent father may forfeit his rights by failure to visit the child or communicate with the child or the person having legal custody of the child, although able to do so, for a period of six months preceding the filing of an adoption petition (see Matter of Jahnya [Cozbi C.—Camesha B.], 189 AD3d 824, 826; Matter of Vanessa Ann G.-L., 50 AD3d 1036, 1038).
The father bore the burden of establishing that he was a consent father pursuant to Domestic Relations Law § 111(1)(d) (see Matter of Gianna [Perry W.K.—Andrew R.], 193 AD3d 858, 859). The father provided no support for the child, and no evidence was submitted that he lacked the means to do so (see Matter of D. [Juan P.—Darren M.], 164 AD3d 1237, 1237). Further, the fact that the father was incarcerated, or that there was no order directing child support, did not absolve him of the obligation to support the child (see Matter of Floyd J.B. [Floyd B.], 172 AD3d 1200). Moreover, there were substantial periods of time when the father was out of prison and, therefore, could have petitioned for contact with the child. Although an order of protection in favor of the child was in effect until November 2018, that order specifically provided that it could be modified by a subsequent order issued by the Family Court or the Supreme Court in a parental access proceeding. Further, there was a substantial period in 2019 when the father was out of prison, but the father failed to seek contact with the child through the Family Court.
Therefore, the father failed to establish that his consent to the adoption was required pursuant to Domestic Relations Law § 111(1)(d) (see Matter of Angelina J.W.[Antonio R.], 202 AD3d 1091, 1092-1093; Matter of Prinzivalli v Kaelin, 200 AD3d 781, 782; Matter of Vanessa Ann G.-L., 50 AD3d at 1038). In view of the foregoing, we need not reach the issue of whether the father forfeited any status as a consent father by abandoning the child (see Matter of Ramal M., Jr. [Ramal M.], 172 AD3d 1067, 1069).
Accordingly, the Family Court should have determined that the father's consent to the adoption was not required, and we reinstate the adoption petition.
The parties' remaining contentions are either without merit or not properly before this Court.
BRATHWAITE NELSON, J.P., CHAMBERS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court