Matter of Jaden M. O. (Renee N. O.) (2024 NY Slip Op 05105)

Matter of Jaden M. O. (Renee N. O.)

2024 NY Slip Op 05105

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LILLIAN WAN, JJ.

2023-06021
2023-06024
 (Docket Nos. B-1091-21, B-1114-21)

[*1]In the Matter of Jaden M. O. (Anonymous). Coalition for Hispanic Family Services, respondent; Renee N. O. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Nylah R. O. (Anonymous). Coalition for Hispanic Family Services, respondent; Renee N. O. (Anonymous), appellant. (Proceeding No. 2.)

Lewis S. Calderon, Jamaica, NY, for appellant.
Geoffrey P. Berman, Larchmont, NY, for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Riti Singh of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from two orders of fact-finding and disposition of the Family Court, Kings County (Michael R. Milsap, J.) (one as to each child), both dated June 30, 2023. The orders of fact-finding and disposition, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject children, terminated her parental rights, and transferred guardianship and custody of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are affirmed, without costs or disbursements.
The subject children have been in foster care since 2017. In 2021, the petitioner commenced these proceedings pursuant to Social Services Law § 384-b to terminate the mother's parental rights. Following fact-finding and dispositional hearings, the Family Court found that the mother permanently neglected the children, terminated her parental rights, and transferred guardianship and custody of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
Upon the mother's request, her counsel was relieved during the fact-finding hearing on March 14, 2022. During the proceedings that day, the mother told the Family Court that she had hired a new attorney but refused to disclose the name of the new attorney. The mother did not [*2]indicate that she intended to represent herself, and she was advised of the next hearing date and given the contact information for the petitioner's attorney. Thus, contrary to the mother's contention, "the record does not facially demonstrate unequivocal and timely applications for self-representation that would have triggered a 'searching inquiry'" (see Matter of Kathleen K. [Steven K.], 17 NY3d 380, 386).
The petitioner established, by clear and convincing evidence, that the mother permanently neglected the children (see Social Services Law § 384-b[7][a]), notwithstanding the petitioner's diligent efforts to strengthen the parent-child relationships. Despite those efforts, the mother failed to plan for the return of the children, as she did not complete all of the required services and failed to gain any insight from the services she did complete (see Matter of Ricardo T., Jr. [Ricardo T., Sr.], 191 AD3d 890). Further, the evidence adduced at the dispositional hearing established that termination of the mother's parental rights was in the children's best interests (see Matter of Malazah W. [Antoinette W.], 206 AD3d 1003, 1005).
The contention of the mother and the attorney for the children that the Family Court should have granted a suspended judgment is unpreserved for appellate review (see Matter of Mathew B.C. [Sue-Ann L.C.], 200 AD3d 689, 690). In any event, the contention is without merit. A suspended judgment was not in the children's best interests, as the mother failed to demonstrate progress in overcoming the issue that led to the children's removal (see Matter of Malazah W. [Antoinette W.], 206 AD3d at 1004). In addition, the mother failed to benefit from those portions of the service plan that she had completed (see Matter of Jayda M.L. [Diane L.], 182 AD3d 601, 602), and a suspended judgment would serve only to prolong the delay of stability and permanence in the children's living situation (see Matter of Vincent N.B. [Gregory B.], 173 AD3d 855, 856).
Contrary to the contention of the mother and the attorney for the children, the Family Court did not improvidently exercise its discretion in failing to consider the wishes of the child Nylah R. O., who was 14 years old at the time of the dispositional hearing. While a child more than 14 years old generally must consent to adoption (see Domestic Relations Law § 111[a]), such a child's desire is but one factor that the Family Court may consider in determining whether termination of parental rights is in that child's best interests (see Social Services Law § 384-b[3][k]). Here, under the circumstances of this case, the termination of the mother's parental rights was in the children's best interests, notwithstanding the hesitancy of Nylah R. O. toward adoption (see Matter of Teshana Tracey T. [Janet T.], 71 AD3d 1032, 1034).
CONNOLLY, J.P., CHAMBERS, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court